# APPENDIX

## MATTERS SUBMITTED TO AND OPINIONS OF THE COURT.

### 1883-1884.

### IN RE RAILROAD COMMISSIONERS.

**Constitutional Law.** The legislature have no power under the
constitution to create railroad commissioners. The supervision
of railroads by a commission would be proper, but the power
must be conferred on executive offices already existing.

THIS was a matter coming before the court by the following document:

"WHEREAS, The constitutionality of the railway commissioner system has been questioned, and there are differences of opinion among the members of this legislature as to the construction of sec. 26 of article V. of the constitution of the state of Nebraska, which provides that 'No other executive state office shall be continued or created,'

" *Therefore be it Resolved,* That the members of the supreme court of this state be and are hereby respectfully requested to answer the following questions:

"1st. Would railway commissioners be state executive officers, or would the office of railway commissioner of the state be a state executive office if created by the legislature?

"2d. Would such an office if created by the legislature come within the inhibition of the constitution?

"3d. Would a law regulating the management of railroads in Nebraska under the commissioner system be obnoxious to any provision or provisions of the constitution of this state?

"4th. In your opinion could such a railroad commissioner law be framed that would be capable of enforcement?

"You are most respectfully requested to answer the above and foregoing questions in full at your earliest possible convenience.

"I certify the above to be a correct copy of the resolution adopted by the house of representatives on Jan. 22d, 1883.

<div align="right">"BRAD. D. SLAUGHTER,</div>
<div align="right">"Chief Clerk.</div>

"Lincoln, Jan. 23, '83."

OPINION OF THE JUDGES.

*To the Honorable the House of Representatives of Nebraska:*

We have the honor to acknowledge the receipt of a copy of a resolution adopted by your honorable body on the 22d day of the present month, whereby the judges of the supreme court were requested to answer the important question hereinafter stated.

While we cheerfully comply with that request, we desire in the first place to say, that courts or judicial officers, in this state at least, are but seldom called upon to decide or pass an opinion upon important legal or constitutional questions without first having the benefit of argument by counsel, who, stimulated by considerations of professional pride and the pecuniary interests of their clients, have usually exhausted the libraries of learning in search for reasons and precedents to sustain their respective sides of the question and the theories upon which they may be sustained, and even then it not unfrequently happens that a conclusion reached under these favorable circumstances may be reversed or materially modified after being brought to the test of experience and that free and enlightened discussion which the opinions of judges as well as the acts of legislators must undergo in this age and country. We

therefore enter with diffidence upon the examination of these important questions which, so far as we know, are now presented for the first time under our constitution, and in which examination we are without the aid of argument or discussion.

Taking up the questions in the order in which they are presented by the resolution, the first is as follows:

*First.* Would railway commissioners be state executive officers, or would the office of railway commissioners of the state be a state executive office if created by the legislature? As railway commissioners are at present unknown to the constitution and laws of this state, we take it for granted that the house, in the wording of the resolution, had reference to those officers as known to the laws of some of our sister states. In looking into the statute of the state of Iowa, for instance, we find a law making it the duty of the governor, by and with the advice and consent of the executive council, to appoint three competent persons (one of whom shall be a civil engineer), who shall constitute a board of railroad commissioners, etc. The act in its several sections provides salaries for these commissioners, to be paid out of the state treasury; that they shall hold their office at the state capital; and in many provisions makes their duties co-extensive with the limits of the state. There can be no doubt then that were a commission of this general character provided for by an act of the legislature of this state, and such act contained the same or similar provisions as those contained in the act of the Iowa legislature referred to, such commissioners would be state officers. Whether they would be state executive officers, within the meaning of our constitution, must be determined by an examination of the provisions of that instrument.

The first clause of article II. of the constitution is in the following language: "The powers of the government of this state are divided into three distinct departments—the legislative, executive, and judicial."

Articles III. and IV. are devoted to the legislative department, investing its authority in a senate and house of representatives, limiting their powers, apportioning their representation among the several counties of the state, etc., etc.

Article V. is devoted to the executive department, and provides that it "shall consist of a governor, lieutenant governor, secretary of state, auditor of public accounts, treasurer, superintendent of public instruction, attorney general, and commissioner of public lands and buildings, etc."

Article VI. is devoted to "the judicial department."

The powers of the state government being thus, by the fundamental law, divided into these three distinct departments, it is clearly incompetent for the legislature to create a commission and invest it with any official power, without assigning the duties thereof to one or the other of them. The powers and duties of railroad commissioners, as defined by the statute of Iowa above referred to, are inherently executive. Webster, in defining this word, says: "In government, executive is distinguished from legislative and judicial; legislative being applied to the organ or organs of government which make the laws; judicial, to that which interprets and applies the laws; and executive, to that which carries them into effect." Even were it not inhibited by other clauses of the constitution, we do not think that it is desired or contemplated to invest such railway commission with the power to make laws, or even to interpret or apply them, but that such duties would be to aid in carrying the laws into effect.

Hence their duties would be executive, and if state officers, if paid out of the state treasury, and their field of duty co-extensive with the territorial limits of the state, they would be state executive officers.

The second question: "Would such an office, if created by the legislature, come within the inhibitions of the con-

stitution?" can, we think, after what has been said above, be answered by quoting a section of the constitution. Article V., after twenty-five sections devoted to the designation of the officers which shall constitute the executive department, their election, qualification, terms of office, duties, and salaries, concludes with the following: "SEC. 26. No other executive state office shall be continued or created, and the duties now devolving upon officers not provided for by this constitution shall be performed by the officers herein created."

The creation of an executive state office, or the providing for the election or appointment of an executive state officer not provided for in said article, could not well have been more clearly inhibited.

The two remaining questions may be stated and answered together.

*Third.* "Would a law regulating the management of railroads in Nebraska under the commissioners' system be obnoxious to any provision or provisions of the constitution of this state?"

*Fourth.* "In your opinion, could such a railroad commission law be framed that would be capable of enforcement?"

In answering the former questions, we have seen that all executive power must be enforced by the officers provided for by Article V., as constituting the executive department, and that the powers imposed upon railroad commissioners by the statute of the state of Iowa (and we presume the same to be of other states which have resorted to similar legislation) are executive, we know of no constitutional inhibition to the imposition of additional executive power, as such upon any or either of the officers constituting the executive department, and we do think it within the scope of legislative wisdom to frame a law for the regulation of the management of railroads under the commissioner system, with the above limitation as to the *personnel* of the com-

missioners, and within the limits of the constitutional powers of government over private or corporate rights, which would be capable of enforcement.

<div style="text-align:right">

GEORGE B. LAKE,
*Chief Justice.*

AMASA COBB,
SAMUEL MAXWELL,
*Judges.*