STATE, EX REL. GEORGE W. SHIELDS, RELATOR, v. THOMAS L. HALL, RESPONDENT.

FILED DECEMBER 14, 1918.    No. 20785.

State Railway Commission: BOND. A state railway commissioner holding office under the constitutional amendment creating the state railway commission is not required to give an official bond.

Original proceeding in *quo warranto* to oust respondent from the office of state railway commissioner. *Writ denied, and action dismissed.*

103 Neb.—2

*G. W. Shields,* for relator

*Hugh LaMaster, contra.*

Dean, J.

This is an original action in the nature of *quo warranto* brought in this court by relator in the name of the state, by permission of the attorney general, to oust defendant from the office of state railway commissioner for failure to give an official bond. Defendant was elected for a six-year term beginning in January, 1915, and ending in January, 1921. It is admitted that no bond was given. It is argued by defendant that a bond cannot be lawfully required. That is the sole question for decision in this case.

When the Constitution became operative in 1875, article V enumerated the then elective executive officers of the state, fixing their terms of office, salaries, and the like. Section 25 of that article provides: "The officers mentioned in this article shall give bonds in not less than double the amount of money that may come into their hands, and in no case less than the sum of fifty thousand dollars, with such provisions as to sureties and the approval thereof, and for the increase of the penalty of such bonds, as may be prescribed by law." Relator bases his argument in large part on the requirements found in section 25.

The state railway commission was created by a constitutional amendment that was adopted November 6, 1906. The amendment follows: "There shall be a state railway commission, consisting of three members, who shall be first elected at the general election in 1906, whose terms of office, except those chosen at the first election under this provision, shall be six years, and whose compensation shall be fixed by the legislature. Of the three commissioners first elected, the one receiving the highest number of votes, shall hold his office for six years, the next highest four years, and the lowest two years. The powers and duties of such commission shall include the regulation

of rates, service and general control of common carriers as the legislature may provide by law. But, in the absence of specific legislation, the commission shall exercise the powers and perform the duties enumerated in this provision.''

The amendment appeared in the Session Laws of 1907, 1909, and 1911, and in the Compiled Statutes and in Cobbey's Annotated Statutes for those years, immediately following the body of the Constitution, as an unnumbered and separate section of that instrument. In the Session Laws of 1913, and in the Revised Statutes for 1913, the amendment in question first appeared in article V of the Constitution as section 19A, and it has appeared in the same relative position in the succeeding Session Laws of 1915 and 1917. By the amendment being placed in article V, it is thereby made to appear by section 25 of that article that the railway commissioners must give bonds.

Relator says that the amendment was incorporated in article V of the Constitution by the code commission in pursuance of section 3719, Rev. St. 1913, namely: ''The Constitution, with amendments, of Nebraska and of the United States, and the Declaration of Independence shall be incorporated in the statutes in such part thereof as the commission deems best.''

It is also said by relator that the code commission very properly placed the amendment in article V because that article has to do with executive officers, and, he says, the functions of the railway commission are solely executive, a point we do not decide. It is sufficient answer to say that the people did not place the amendment there. The legislature had no power to place the amendment there, nor in any article of the organic law that might cause its meaning to be misconstrued or that would even seem to change its legal effect. Much less could the legislature delegate such exercise of power to the code commission.

Relator points out that the amendment creating the ''board of commissioners of state institutions'' took

the place and section number of former section 19, of article V of the Constitution. But that section was expressly proposed by a joint legislative resolution as an amendment to "section 19 of article five (5) of the Constitution," and of course it follows that upon its adoption it would appear as section 19. Laws 1911, ch. 225. That amendment is also different in another important respect from the one involved here, in that it expressly and in direct terms provides that the members composing the board "shall each give bonds."

There are no such provisions respecting the railway commission amendment. That amendment was not proposed by the legislature as a substitute for any specific section of the organic law. Laws 1905, ch. 233. It was adopted by the people as a separate amendment, and, unlike the amendment that created "the board of commissioners of state institutions," it does not even by implication require a state railway commissioner to give an official bond.

For the reasons appearing herein, we decline to hold that under the Constitution an incumbent of the office of state railway commissioner is required to give an official bond.

The writ is denied and the action

DISMISSED.

ROSE, J., not sitting.