HOME SAVINGS & LOAN ASSOCIATION, APPELLANT, V. FRED L. CARRICO, APPELLEE.

FILED MARCH 31, 1932. No. 28223.

*Perry W. Morton, George E. Hager* and *James E. Addie,* for appellant.

*Stiner & Boslaugh, Carrico & Carrico* and *Herman G. Schroeder, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

PAINE, J.

This is an action at law, in which the appellant seeks to reach by garnishment process the sum of approximately $1,000, allowed the appellee, Fred L. Carrico, as attorney's fee for defending Sidney A. Trobough, an indigent defendant, in a homicide case, the same to be credited upon a deficiency judgment secured against said Carrico in a foreclosure action. The district court dismissed and dissolved the garnishment.

On October 26, 1929, the appellant secured a deficiency judgment for $2,931.15, with 10 per cent. interest, against Jennie L. Carrico and Fred L. Carrico, growing out of the foreclosure of a mortgage upon certain residence property in Adams county. Upon June 9, 1931, an execution was issued thereon, and returned by the sheriff *nulla bona,* and thereafter, upon the same day, a garnishee summons was issued against Adams county and placed in the hands of the sheriff, and served upon the chairman of the county board. Upon July 13, 1931, Adams county appeared by Herman G. Schroeder, its county attorney, and the appellant by James E. Addie, and in open court, before Judge J. W. James, it was stipulated as follows: "The county of Adams, Nebraska, garnishee in the above entitled cause, should not be required to answer until the final disposition of the appeal of Fred L. Carrico from allowance of his claim against Adams county in the sum of $1,000, for fees and services rendered by said Carrico as the attorney for the defendant in the case of State of Nebraska v. Sidney A. Trobough."

Upon October 17, 1931, Judge Lewis H. Blackledge entered an order, which in effect set aside the stipulation, and gave the garnishee until October 23, 1931, to file its answer, and ordered the same set down for hearing the next day, on which day the garnishee filed its answer, admitting that it was indebted to appellee, Carrico, in the sum of $1,000, less certain taxes owed by him to Adams county. The county attorney on the same day filed a motion to dismiss and dissolve the garnishment, for the reason that said Carrico was not an officer or employee of Adams county, and the said Carrico filed a motion to quash the garnishment. On the same day, Judge Blackledge entered the final order, in which he sustained the motion of the garnishee, Adams county, and also the motion of the judgment debtor, and directed that the garnishee be discharged from said garnishment. Within three days the appellant filed its motion for a new trial, which was overruled, and the case was appealed to this court.

At common law, salaries, fees, or other compensation due public officers and employees cannot be reached by garnishment. *Owen v. Terrell*, 22 N. M. 373. And in many states the compensation of public officers is not subject to garnishment, the subjection thereof to garnishment being contrary to public policy. *Jaffe v. McAdory*, 202 Ala. 53. But, in other states, a county is subject to garnishment if made so by express statutory provisions. *State v. Tyler*, 14 Wash. 495, 37 L. R. A. 207. See 60 A. L. R. 823, note.

In 1925 our legislature passed chapter 58, the title to which reads as follows: "An act to provide for garnishment of officers and employees of the state of Nebraska or any county, township, municipal corporation, municipally owned corporation, or school district." This act consisted of two sections, and appears as sections 20-1012 and 20-1013, Comp. St. 1929, and the first section provides, among other things, as follows: "This section shall apply only in case it is sought to hold and apply the earnings of such officers and employees which earnings have

been earned by personal services rendered to the state or to any county, township, municipal corporations, municipally owned corporation, or school district."

We are cited to numerous authorities holding that garnishment is a remedial process and is controlled wholly by statute, and that such statutes should be liberally construed. 12 R. C. L. 776, sec. 3; Drake on Attachment (7th ed.) sec. 451a; Rogers v. Omaha Hotel Co., 4 Neb. 54. It is contended that the sections of the statute herein cited, with reference to garnishment process, were enacted for the purpose of abolishing all privilege in that respect and making them subject to execution and garnishment in all respects, the same as a natural person would be, and to the end that the funds earned by all such officers and employees could be speedily reached to compel payments of their honest debts.

In considering the question of garnishment of the county to reach the earnings of its employees and officers, as provided in the section quoted, the court must examine the statute under which this appointment took place, to throw light on the relation Mr. Carrico bore to Adams county while defending Mr. Trobough.

Section 29-1803, Comp. St. 1929, provides that, in counties having a population of over 100,000, a public defender shall be elected for four years, who shall defend all indigent persons in suits brought against them, and perform other duties, and be paid a salary of $3,600 a year, and it is argued that said Carrico, by his appointment by the district judge in Adams county, which has less than 100,000 population, for the purpose of defending a certain indigent criminal, is an employee of the county, the same as a duly elected public defender would be in Douglas county, and the real question at issue is this: Was Carrico an officer or employee of Adams county?

Under the same section 29-1803, Comp. St. 1929, it is provided: "The court before whom any person shall be indicted for any offense which is capital, or punished by imprisonment. in the penitentiary, is hereby authorized and required to assign to such person counsel not exceed-

ing two, * * * and it shall not be lawful for the county clerk or county board of any county in this state to audit or allow an account, bill or claim hereafter presented by an attorney or counselor at law for services performed under the provisions of this section, until said account, bill or claim shall have been examined and allowed by the court before whom said trial is had, and the amount so allowed for such services certified by said court."

In many western counties the only lawyer resident in the county is the county attorney, and the attorney assigned to defend the criminal is, therefore, not a resident of the county. Would it be contended in such a case that he was an officer of a county in which he was not a resident?

It is also clear, from a careful reading of this section, that the assignment by the district judge of a certain attorney might be opposed by every member of the county board, and perhaps by many taxpayers, yet, according to this law passed by our legislature, the appointment would be good.

In *Kraus v. State,* 102 Neb. 690, where the court was about to assign counsel, and an attorney present announced that his firm would appear for the indigent defendant, as a friend of the court, even if other counsel were assigned, the court refused to appoint any one, and, in this court, such firm so acting were denied even the cost of printing their brief, on the ground that one who volunteers his services as a friend of the court should accept neither fee nor reward. In *Moran v. Otoe County,* 95 Neb. 658, it was held that the district judge had the power under such appointment to certify to a claim for services in the supreme court as well.

Before provision was made by law for allowing a fee to the counsel thus appointed, they were not at liberty to reject the cause of the defenseless because no provision was made by law for their compensation. *Rowe v. Yuba County,* 17 Cal. 61. There is no contract whatever between the county and the attorney appearing for a pauper. The court assigns counsel, not employs one. *Case*

*v. Board of County Commissioners,* 4 Kan. 511, 96 Am. Dec. 190.

Having the duty under the law to assign counsel to the defense of an indigent defendant in felony cases, it results necessarily that such courts may impose upon the proper county the obligation to pay for such services, and the legislature has not left this to inference, but has clearly provided for the payment thereof.

Is such an attorney, compelled by his oath of admission to the bar to perform his duty under such assignment as an officer of the court, either an officer or an employee of the county in which he happens to be so appointed? It is clear that the county did not employ him and could not discharge him.

Let us examine with some care what the terms "employee" and "officer" mean in law. An employee is one bound, in some degree, to the duty of service, and who is subject to the master's command as to how to do the work. The word "employ" carries with it the idea of a contract of employment. Therefore, strictly speaking, an employee includes only such persons, engaged in the service of another, as are under contract of hire, express or implied, oral or written. The term "employee," as usually understood, means one who works for an employer for a salary or wage, and usually applies to clerks, workmen, and sometimes laborers, and but very rarely applies to the officers of an employer. And, on the other hand, a public officer is an incumbent of a public office, which is the right, duty and authority conferred by law, by which, for a given period, an individual is invested with some portion of the sovereign functions of government for the benefit of the public.

This court would find the greatest difficulty in declaring that this attorney, assigned by the district court to defend an indigent defendant accused of a felony, was, during the time of such service, an employee of Adams county, and much less could it find him at such time to be one of the officers of Adams county.

A county is primarily liable for all of the expenses of the arrest, imprisonment, and trial of accused persons, and this appointment, and the fee paid therefor, is one of the incidents of a legal trial of a felony, under which every such defendant has the right to have an attorney appear in his behalf.

This court holds that the said Fred L. Carrico, in performing his task of defending Trobough in a homicide case, under assignment of the district judge, was not an officer or employee of Adams county, and that the garnishment was properly dissolved and dismissed by the district judge.

AFFIRMED.