WAYNE R. SWANSON, RELATOR, V. FRED SORENSEN,
RESPONDENT.
148 N. W. 2d 197

Filed January 27, 1967.   No. 36570.

James E. Ryan, Jerry L. Snyder, Jack W. Marer, and
Einar Viren, for relator.

William L. Walker and Ralph R. Bremers, for respond-
ent.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH,
SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

Relator, Wayne R. Swanson, was granted leave to file
an original action in quo warranto in this court against
respondent, Fred Sorensen. Relator, while serving as
a duly elected State Railway Commissioner, filed as a
candidate for the office of State Treasurer, secured the
Republican nomination, and was duly elected over re-
spondent, the Democratic nominee who was the incum-
bent. Relator was declared elected and qualified by
filing a bond and taking the oath, but respondent upon
demand has refused to vacate the office.

There is on file herein a demurrer to the petition, a
separate demurrer, an answer and cross-petition, and a
motion for summary judgment. There is no fact issue
for consideration. We do not deem it necessary to con-
sider any of the procedural questions, and direct our
attention solely to the basic issue herein, the eligibility of
the relator.

It is the contention of the respondent that the relator as a railway commissioner is an executive state officer and as such was disqualified from filing for the office of State Treasurer and is ineligible to accept said office. Respondent's contention is premised on the conclusion that the Nebraska State Railway Commission is created by Article IV, section 20, Constitution of Nebraska, and since section 20 is a part of Article IV, the railway commissioners fall within the prohibition of section 2 of said Article IV.

Article IV, section 1, Constitution of Nebraska, so far as material herein, provides: "The executive officers of the state shall be the Governor, Lieutenant Governor, Secretary of State, Auditor of Public Accounts, Treasurer, Attorney General, and the heads of such other executive departments as set forth herein or as may be established by law."

Article IV, section 2, Constitution of Nebraska, so far as material herein, provides: "None of the officers mentioned in this article shall be eligible to any other state office during the period for which they have been elected or appointed, * * *." In the Constitution of 1875, this provision was Article V, section 2, and read: "None of the officers of the executive department shall be eligible to any other state office during the period for which they shall have been elected." The present wording was adopted in 1920. This amendment was probably deemed essential because section 1 at that time was broadened to include the heads of such other executive departments as may be established by law.

The history of Article IV, section 20, Constitution of Nebraska, is pertinent to the determination of the question involved. In 1883, the Legislature addressed an inquiry to this court asking whether railway commissioners would be executive state officers and if the Legislature could legally create such office. The court determined that the duties of the office would be executive and that the Legislature was without power to create a

new executive state office. See In re Railroad Commissioners, 15 Neb. 679, 50 N. W. 276.

In 1905 the Legislature by joint resolution submitted a constitutional amendment creating the office of State Railway Commissioner. Laws 1905, c. 233, § 2, p. 791. This section was adopted on November 6, 1906, and was incorporated into the Session Laws of 1907 as a separate amendment to the Constitution of Nebraska. Laws 1907, p. 46. It was carried as a separate section of the Constitution until the issuance of the Session Laws of 1913. At that time, it appeared as Article V, section 19A, Constitution of Nebraska. Laws 1913, p. 24. Article V covered the executive department and is Article IV of the present Constitution. This history is detailed in State ex rel. Shields v. Hall, 103 Neb. 17, 170 N. W. 173. No amendments to this section were proposed by the Constitutional Convention of 1919 and 1920, although the specific point of the inclusion of the State Railway Commissioners in the enumeration of officers in section 1 was considered. It was adopted, and subsequently abandoned. The section was not amended until 1962, and that amendment is not pertinent to the present question.

Article IV, section 20, Constitution of Nebraska, as originally adopted, reads as follows: "There shall be a State Railway Commission, consisting of three members, who shall be first elected at the general election in 1906, whose terms of office, except those chosen at the first election under this provision, shall be six years, and whose compensation shall be fixed by the Legislature. Of the three commissioners first elected, the one receiving the highest number of votes, shall hold his office for six years, the next highest four years, and the lowest two years. The powers and duties of such commission shall include the regulation of rates, service and general control of common carriers as the Legislature may provide by law. But, in the absence of specific legislation, the commission shall exercise the powers and perform the duties enumerated in this provision."

This section was amended in 1962 to provide for not more than seven and not less than three commissioners, and to provide for their election from districts rather than at large, but in other respects remained essentially the same.

While In re Railroad Commissioners, 15 Neb. 679, 50 N. W. 276, is not a decision of this court in the technical sense of the term, in 1911 in State ex rel. Mortensen v. Furse, 89 Neb. 652, 131 N. W. 1030, this court said: "We agree with counsel for relator that the office of railway commissioner is, under the constitution, to be classed as an executive office. Of this we think there can be no doubt, as it can neither be said to be legislative, nor judicial, and the three classes are the only ones given by that instrument."

In 1919, this court had before it In re Lincoln Traction Co., 103 Neb. 229, 171 N. W. 192, in which questions were raised as to the extent and the limits of the jurisdiction and the authority of the State Railway Commission, particularly as relating to legislative and judicial powers. In that case, we held: "In adopting the constitutional provision creating the state railway commission, it was made an independent part of the Constitution, and was not designated as an amendment to the executive, legislative or judicial articles of the Constitution. The fact, therefore, that it has, by the compilers, been placed in article V, which relates to the executive department of the government, affords no assistance in its construction. Its language is clear, as follows: 'There shall be a state railway commission, consisting of three members, who shall be first elected, at the general election in 1906, whose terms of office, except those chosen at the first election under this provision, shall be six years, and whose compensation shall be fixed by the Legislature.' Its powers and duties include 'the regulation of rates, service and general control of common carriers.' The legislature may make provision as to these powers and duties, but the commission, 'in the absence of specific

legislation, shall exercise the powers and perform the duties enumerated.' It was submitted to the people by the legislature of 1905. Laws 1905, ch. 233. Unless there has been specific legislation that might limit or affect this power given to the commission, it would seem that the people have given this commission all the control over common carriers that they themselves could exercise. While this power must be exercised in harmony with the provisions of the federal Constitution, and the general provisions of our own Constitution that affect all branches of the government, it is plainly not limited by the special provisions of the Constitution which distinguish between the legislative and judicial departments of the government. The functions of this commission are largely administrative, but, as is stated in Prentis v. Atlantic Coast Line Co., supra (211 U. S. 210), the commission necessarily has independent legislative, judicial, and executive or administrative powers."

In Petersen v. Beal, 121 Neb. 348, 237 N. W. 146, we held: "This court is committed to the view that, 'In adopting the constitutional provision creating the state railway commission, it was made an independent part of the Constitution, and not as an amendment to the executive, legislative or judicial articles thereof.' In re Lincoln Traction Co., 103 Neb. 229."

In Furstenberg v. Omaha & C. B. St. Ry. Co., 132 Neb. 562, 272 N. W. 756, we reaffirmed this position. In that case, involving the scope of the review in this court of an action of the railway commission, administrative or legislative in nature, we said: "* * * appellants confuse the administrative, legislative, and judicial field of action. In adopting the constitutional provision creating the state railway commission, it was made an independent part of the Constitution, and not as an amendment to the executive, legislative, or judicial articles thereof. In re Lincoln Traction Co., 103 Neb. 229, 171 N. W. 192."

A hasty search would indicate our last statement on this point is found in State ex rel. Johnson v. Chase,

147 Neb. 758, 25 N. W. 2d 1. There we said: "In this connection, section 20, article IV, of the present Constitution shows the creation of the State Railway Commission, providing for the election of the commissioners, length of term to be served by the commissioners, and the powers and duties of the commission. It is a constitutionally created body, as distinguished from an executive department or commission created by the Legislature."

For the last 48 years this court has been committed to the view that in adopting the constitutional provision creating the State Railway Commission, it was made an independent part of the Constitution and not as an amendment to the executive, legislative, or judicial articles thereof. To discredit those holdings at this late date by deciding that railway commissioners are embraced within the exclusion of executive officers in Article IV, section 2, Constitution of Nebraska, merely because compilers of the Statute have seen fit to place section 20 in Article IV, would be to ignore the realities of the situation and to open a Pandora's box of future trouble because of the impact of the previous holdings. The relator at all times was eligible to be a candidate for State Treasurer.

For the reasons given, Wayne R. Swanson is the duly elected and qualified Treasurer of the State of Nebraska, and respondent is hereby ordered and directed to deliver to the said Wayne R. Swanson all books and papers in his custody and under his control belonging to said office.

JUDGMENT FOR RELATOR.