REQUESTED BY: Senator David Landis Nebraska State Legislature State Capitol Lincoln, NE 68509
Dear Senator Landis:
Earlier this year, the Nebraska Supreme Court decided State ex rel Spire v. Conway, 238 Neb. 766, 472 N.W.2d 403
(1991). In that case, the court held that Gerald Conway could not continue to both serve in the Legislature and also teach as an Assistant Professor at Wayne State College on the basis of art. II § 1 of the Nebraska Constitution which deals with the separation of governmental powers. We understood that you were engaged in teaching certain courses at the University of Nebraska College of Law, and therefore, we believed you could be affected by the Conway decision. Consequently, we requested information concerning your teaching duties and your analysis of the impact of Conway upon your situation. You responded to our request by correspondence dated November 8, 1991, and we have now had an opportunity to review your comments. We agree with your conclusion that Conway does not appear to prohibit your involvement with the University of Nebraska.
From your correspondence, we understand that you have three relationships with the University of Nebraska. First, you have taught a class for the Department of Public Administration at the University of Nebraska at Omaha, and you are scheduled to teach a class on Advanced Negotiation there in January, 1992. You have never signed a written contract, received a pay check or received any benefits in connection with those teaching duties, although the Department has paid your expenses for various negotiation-related seminars and conventions. You have also never participated in a faculty meeting or been involved in the governance of UNO.
A similar situation prevails with respect to your connection with the University of Nebraska College of Law. You taught there twice last year, and you are currently teaching a course at the Law College this semester. You are also coaching the student negotiation team which has entered ABA competition. Again, you are not paid for any of those duties; you have signed no written contract; and you have not attended faculty meetings or participated in Law College governance. The College of Law has sent you to various conferences and seminars.
Finally, you have performed with the Summer Repertory Theater at Howell Theater for six summers. You have signed some contracts for those acting services, but you have received no compensation.
The Conway case involved a situation where Gerald Conway, a member of the Nebraska Legislature, also taught full time as a tenured Assistant Professor at Wayne State College. The Nebraska Supreme Court held that this arrangement violated art. II, § 1 of the Nebraska Constitution which provides:
 The powers of the government of this State are divided into three distinct departments, Legislative, Executive, and Judicial, and no person or collection of persons being one of these departments shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted.
In the course of its opinion, the court stated the following rule with respect to the application of art II, § 1:
 . . . article II prohibits one who exercises the power of one branch — that is, an officer in the broader sense of the word — from being a member — that is, either an officer or employee — of another branch.
Conway at 782, 472 N.W.2d at 412. Since you clearly exercise the powers of the Legislative branch of government as a State Legislator, under the court's formulation in Conway, the question becomes whether you are a member of the Executive branch of government through your other activities. More specifically, are you an officer or employee of the University as a result of the duties described above. We believe you are not.
The word "employee" usually involves, ". . . some sort of continuous service rendered for wages or salary and subject to the direction of the employer as to how the work is done." 56 C.J.S. Master and Servant § 1. In Home Savings and Loan Association v. Carrico, 123 Neb. 25,241 N.W.2d 763 (1932), the court indicated that "employees" are subject to the employer's direction as to how to do the work, are under some form of contract for hire, and generally work for a salary or wage. Whether a person is an employee is generally to be determined from all the circumstances of the case. 56 C.J.S Master and Servant, § 2.
Under the circumstances you have described to us, we do not believe you are an employee of the University of Nebraska. You are not an appointed member of the faculty; you have no written contract with that institution; and, perhaps most importantly, you receive no wages or salary for performing your duties. Since you are not an employee of the University, it becomes necessary to consider the second part of the Conway formulation, are you an officer of the University as a result of your teaching activities? We believe the answer to that question is also "no."
In Conway, the court indicated that a teacher in a state college holds a public office for purposes of the quo warranto statutes. Conway at 771, 772, 472 N.W.2d at 407. The court also indicated that the words "office" and "officer" are of vague and variable import, and their meaning necessarily varies with the connection in which they are used. Id. As a result, it is not clear under Conway that all teachers are public officers for all purposes beyond the issue of quo warranto jurisdiction. Conway, therefore, does not indicate that you an officer of the University simply because you teach.
The Nebraska Supreme Court has also indicated that "office" may be defined as:
 a public station or employment, conferred by the appointment of government; and embraces the ideas of tenure, duration, emolument and duties.
State ex rel O'Connor v. Tusa, 130 Neb. 528, 535, 536,126 N.W.2d 524, 525 (1936). This broader definition of office does not appear to encompass your situation since you have no government appointment as a teacher, you have no tenure, and you receive no emoluments or compensation for your services. Consequently, we do not believe you are an officer of the University of Nebraska.
Since you are neither an officer nor an employee of the University of Nebraska, we do not believe that your situation runs afoul of the prohibitions set out in Conway. Therefore, Conway does not prevent your teaching and other activities so long as they are conducted in the manner you have described. Thank you for your cooperation and assistance to us in resolving this issue.
Sincerely yours,
DON STENBERG Attorney General
Dale A. Comer Assistant Attorney General
Approved By:
Attorney General 5-30-6.15