REQUESTED BY: Douglas D. Christensen Commissioner of Education
You have requested our opinion on the legality of a member of the State Board of Education simultaneously serving on other state bodies. Kim Peterson, elected to the Board in 1996, was appointed by the Governor to serve on the Nebraska Volunteer Service Commission and the Early Childhood Interagency Coordinating Council. You asked the following question: "Given the duties of the Nebraska Volunteer Service Commission, the Early Childhood Interagency Coordinating Council, and your interpretation of79-313 R.R.S., may Ms. Peterson serve simultaneously on the State Board and these other bodies?"
Background
The Nebraska Volunteer Service Commission ("Commission") (originally called the Nebraska Commission for National and Community Service) was established by Executive Order 94-5 of the Governor in July of 1994. The Commission was created in response to a federal law which made grant funds available to states which developed state commissions to engage Americans in community based service addressing the nation's educational, public safety, human and environmental needs. The Commission consists of 25 voting members who are appointed by the Governor for three-year terms. The Commission members are responsible for "steering" the Commission while the small staff is responsible for operating the programs. The Commission responsibilities are to develop, promote and coordinate community service programs in Nebraska, to recommend community service programs in Nebraska for federal funding, to administer AmeriCorps national and community service grants in Nebraska, to provide training and technical assistance to program grantees and to assist the Nebraska Department of Education with preparation of their AmeriCorps application. LB 1399 (Laws 2000), codified at Neb. Rev. Stat. § 79-8,141, requires the Commission to submit a proposal for federal funding for educational awards. We did not find any other statutes creating duties on the Commission.
The Early Childhood Interagency Coordinating Council ("Council") was created by § 6 of LB 1135 (Laws 2000), now codified at Neb. Rev. Stat. § 43-3401. The function of the Council is to "advise and assist the collaborating agencies in carrying out the provisions of the Early Intervention Act, the Quality Child Care Act, sections 79-1101 to 79-1104, and other early childhood care and education initiatives under state supervision." Neb. Rev. Stat. § 43-3401. Section 43-3401 provides for gubernatorial appointment of Council members to three-year terms. The Council serves in an advisory capacity to state agencies responsible for early childhood care and education. Neb. Rev. Stat. § 43-3402.
Applicable Law
"No person shall be eligible to membership on the State Board of Education . . . (2) who is a holder of any state office, a member of a state board or commission, or a candidate for any state office, board, or commission. . . ." Neb. Rev. Stat. § 79-313
(1996).
Discussion
Section 79-313 prohibits an individual holding any state office from being a member of the State Board of Education. The definition of public office was discussed on several occasions by the Nebraska Supreme Court. "When a position based upon a provision of law carries with it continuing duties of public concern which involve some exercise of the sovereign power in their proper performance, the position may be said to be an office public in character." Eason v. Majors, 111 Neb. 288, 291,196 N.W. 133, 134 (1923). "[A] public officer is an incumbent of a public office, which is the right, duty and authority conferred by law, by which, for a given period, an individual is invested with some portion of the sovereign functions of government for the benefit of the public." Home Savings Loan Ass'n v. Carrico, 123 Neb. 25,30, 241 N.W. 763, 765 (1932). "`An office is a public station or employment, conferred by the appointment of government. The term embraces the ideas of tenure, duration, emolument, and duties.'"State ex rel. O'Connor v. Tusa, 130 Neb. 528, 535, 265 N.W. 524,528 (1936) (citation omitted). "It may be said that the almost universal rule is that, in order to indicate office, the duties must partake in some degree of the sovereign powers of the state."Id. "It is a governmental position, the duties of which invest the incumbent with some aspect of the sovereign power." State ex rel.Spire v. Conway, 238 Neb. 766, 771-72, 472 N.W.2d 403, 407 (1991).
Applying this analysis to your inquiry reveals that the gubernatorial appointments held by Peterson have some traits of a public office. The Commission was created by executive order and the Council was created by statute; service on either public body is by gubernatorial appointment for a three-year term. Both appear to be unpaid positions. Both reimburse their members for expenses incurred as a result of their service. Executive Order 94-5; Neb. Rev. Stat. § 43-3401. However, these positions lack the most crucial element of a public office, the ability to exercise some degree of the state's sovereign power. Not only is the Commission not responsible for operating the programs but it is forbidden from exercising such authority under the federal law which made available the community service grant funds. The authority of the Council is limited to providing advice and making recommendations as set forth in §§ 43-3402 to 43-3403. Based upon the above analysis, it is our conclusion that neither of these positions constitute a public office.
Section 79-313 also prohibits an individual who is a member of a state board or commission from being a member of the State Board of Education. Section 79-313 does not define "state board" or "commission." We did not find anything in the legislative history to § 79-313 that indicates what these terms meant to the legislators. Black's Law Dictionary defines "commission" as an empowerment of "a person or persons named to do certain acts" and "[a] board or committee officially appointed and empowered to perform certain acts or exercise certain jurisdiction of a public nature or relation; as a `Public Service Commission'." Black's Law Dictionary 141 (5th ed. 1983). "Board" is defined as "[a]n official or representative body organized to perform a trust or to execute official or representative functions or having the management of a public office or department exercising administrative or governmental functions." Black's Law Dictionary 90 (5th ed. 1983).
There does not appear to be one clear and comprehensive definition in Nebraska for either of these terms. Commissions can be created by the Legislature or constitutionally created (State Railway Commission). See Swanson v. Sorenson, 181 Neb. 312, 148 N.W.2d 197
(1967). Commissions can also be created by the Governor when directed by federal legislation (Commission on Law Enforcement and Criminal Justice). See State ex rel. Stenberg v. Murphy,247 Neb. 358, 527 N.W.2d 185 (1995). Commissions can be executive agencies (Commission on Law Enforcement and Criminal Justice). Id.
Both the Commission and the Council consist of a group of people brought together for a specific purpose. The purpose is public in nature. The specific duties and responsibilities of each public body are clearly delineated, the Commission by executive order and the Council by statute. Members of both bodies are officially appointed by the Governor and empowered to carry out the specified responsibilities. As a result, it is our view that Peterson's membership on both the Commission and Council fall within the meaning of "a member of a state board or commission" as stated in Neb. Rev. Stat. § 79-313 (1996). Membership on a state board or commission as used in § 79-313 appears to encompass a much broader spectrum of public service than does a holder of public office. For these reasons, we do not believe that Peterson may serve simultaneously on the State Board of Education and on either the Commission or the Council.
Sincerely yours,
DON STENBERG Attorney General
Charlotte R. Koranda Assistant Attorney General