REQUESTED BY: Hobert B. Rupe, Executive Director
Nebraska Liquor Control Commission
In June of 2009, the Nebraska Auditor of Public Accounts (the "Auditor") issued an "Attestation Review of the Nebraska Liquor Control Commission" for the time period of July 1, 2007, through June 30, 2008. That attestation review contained various "findings and recommendations" including one section pertaining to the "Commissioners' Payroll Benefits." The Auditor noted that members of the Nebraska Liquor Control Commission (the "Commission") receive health insurance and other benefits from the State of Nebraska under the Nebraska State Insurance Program set out at Neb. Rev. Stat. §§ 84-1601 through 84-1617 (2008). The Auditor then questioned the propriety of providing such benefits to Commission members based upon the number of hours which Commissioners work. The Auditor also made the following recommendation to the Commission:
 We recommend the Commission discontinue the provision of health insurance benefits to the Commissioners or request a formal legal opinion from the Attorney General to seek clarification as to whether the *Page 2 
Commissioners are eligible to receive health insurance and other benefits paid for by the State.
The Auditor's recommendation precipitated your opinion request to us. You ask:
 What is the appropriate employment status of the three [Liquor Control] Commissioners? Are they eligible for benefits?
 APPLICABLE STATUTES
Several Nebraska statutes have application to the questions you presented:
1. The Nebraska statutes pertaining to organization of the Commission are found at Neb. Rev. Stat. §§ 53-105 through 53-115 (2004). Neb. Rev. Stat. § 53-105 creates the Commission:
 There is hereby created the Nebraska Liquor Control Commission, consisting of three members to be appointed by the Governor, subject to confirmation by a majority of the members elected to the Legislature, no more than two of whom shall be members of the same political party, and no two shall be citizens of the same congressional district.
2. Neb. Rev. Stat. § 53-106 provides for the Commissioners' term of office and their removal:
 The Governor shall appoint three members of the commission, one of whom he shall designate as chairman. One member shall be appointed every two years and shall hold office for a period of six years. Any appointee may be removed by the Governor, after an opportunity to be heard, for malfeasance, misfeasance or neglect in office. No person shall be appointed to the commission, or continue to hold that office after appointment, while holding any other office or position under the laws of this state, any other state, or of the United States.
3. Neb. Rev. Stat. § 53-112 also provides for the Commissioners' compensation:
 Each member of the commission shall receive an annual salary of not to exceed twelve thousand five hundred dollars, to be fixed by the Governor, payable monthly, and in addition actual and necessary expenses incurred on behalf of the commission. The salary of the executive director of the commission shall be fixed by the commission, payable monthly.
4. Neb. Rev. Stat. § 84-1601 (2008) establishes health and life insurance coverages for state employees: *Page 3 
 (1) There is hereby established a program of group life and health insurance for all permanent employees of this state who work one-half or more of the regularly scheduled hours during each pay period, excluding employees of the University of Nebraska, the state colleges, and the community colleges. Such program shall be known as the Nebraska State Insurance Program and shall replace any current program of such insurance in effect in any agency and funded in whole or in part by state contributions.
5. In addition, Neb. Rev. Stat. § 84-1604 (2008) describes the employees eligible for such coverages as follows:
 The coverages provided for by sections 84-1601 to 84-1615
shall be afforded to each permanent state employee who works one-half or more of the regularly scheduled hours during each pay period, commencing after thirty days of such employment, and to each temporary employee only as described in subsection (2) of section 84-1601, commencing after thirty days of such employment. Permanent and temporary employees who are employed less than the regularly scheduled hours as defined for a permanent employee shall be entitled to state contributions on a proportionately reduced basis. The life and health insurance coverages provided by sections 84-1601 to 84-1615 shall be totally independent of one another and the loss experience and the rates for the two coverages shall be maintained separate and apart from one another.
 ANALYSIS
The provisions of the Nebraska State Insurance Program establish a system of health insurance and other benefits for all "permanent employees" of the State of Nebraska who work a specified number of hours each pay period. In that context, legal authorities from Nebraska and elsewhere recognize that while the term "employee" might be broad enough to cover public officials, there is a distinction between public "employees" and public "officers." Suverkrubbe v. Village of FortCalhoun, 127 Neb. 472, 256 N.W. 47 (1934); Home Savings and LoanAssociation v. Carrico, 123 Neb. 25, 241 N.W. 763 (1932); 67 C.J.S.Officers and Public Employees § 12 (2002). An employee is generally a person who works for another, under contract of hire, for a salary or wage. Home Savings and Loan Association v. Carrico, 123 Neb. 25,241 N.W. 763 (1932). On the other hand, "a public officer is an incumbent of a public office, which is the right, duty and authority conferred by law, by which, for a given period, an individual is invested with some portion of the sovereign functions of government for the benefit of the public." State ex rel. Spire v. Conway, 238 Neb. 766, 472 N.W.2d 403
(1991) (quoting Home Savings and Loan Association v. Carrico, 123 Neb. 25,30, 241 N.W. 763, 765 (1932)). A public office is a public station or employment, conferred by appointment of the government, which embraces tenure, duration, emolument and duties. Id. We believe that it is clear that members of the Commission are public officers. They are appointed by the Governor for a term of office; they have duties *Page 4 
specified in statute which appear to involve the sovereign functions of government; and they have a specified salary. Consequently, resolution of the questions which you presented to us requires a threshold inquiry into whether the "permanent employees" of the State who are eligible for benefits under the Nebraska State Insurance Program include "officers" of the State of Nebraska and well as other "employees." While the answer to that question is not entirely clear, we believe that the better analysis leads to the conclusion that officers of the state, at least those paid a salary, are included in the "employees" described in §§ 84-1601 and 84-1604.
The statutes creating the State Insurance Program do not contain a definition for the term "employee." in contrast, other state statutes which establish various types of benefits for state employees do contain definitions of the term "employee" which include officers as well as employees. For example, under Neb. Rev. Stat. § 84-1301 (9) (2008), state employees entitled to participate in the state retirement system include "any person or officer employed by the State of Nebraska whose compensation is paid out of state funds. . . ." (Emphasis added.) Based upon the definitions in those other statutes, it could be argued that the Legislature did not intend to make the State Insurance Program available to state officers, since there is no specific language in the statutes pertaining to that program which indicates that officers should be considered as "employees" under § 84-1601.[1]
On the other hand, the legislative history of the bill which first created the State Insurance Program seems to support the notion that state officers are included within the parameters of those statutes. The State Insurance Program was first created by 1973 Neb. Laws LB 516. The following exchange occurred during the committee hearing on that bill:
 DON D. DUVEN [Representing insurance administrators in Lincoln and speaking in favor of the bill]: . . . Then going on to define, a permanent full-time employee is defined as an employee who works thirty or more hours per week. Now the only thing that it doesn't include are the forty-nine senators, which the bill I cannot see makes reference to, but I can't understand why they don't.
 SENATOR WHITNEY: It's against the Constitution.
 DON D. DUVEN: Because they are not employees?
 SENATOR WHITNEY: Because the people set the salary and all perquisites and they so far have not given any perquisites. However, I *Page 5 
suppose that if the State Senator wanted to take it out of what they now receive it could be done.
 DON D. DUVEN: I would think that the bill ought to be extended to include them or at least an option to include them.
 SENATOR WHITNEY: We would have to take the state's share out of ours. Is this last amendment to make that possible, is that the point or do you mean to still exclude them?
 DON D. DUVEN: Well, that's why I brought it up because this definitely does not, because of the thirty hour definition. That's why it has to be put in as a separate entity and any other qualification of it would. I purposely brought it up because this does not and I am concerned that perhaps it should.
Committee Records on LB 516, 83rd Neb. Leg., 1st Sess. 13 (March 15, 1973) (emphasis added).
Moreover, although construction of a statute by an administrative department charged with enforcing that statute is not controlling, considerable weight will be given to such a construction, particularly when the Legislature has failed to take any action to change such an interpretation. Cox Cable of Omaha, Inc. v. Nebraska Department ofRevenue, 254 Neb. 598, 578 N.W.2d 423 (1998); Metropolitan UtilitiesDistrict v. Balka, 252 Neb. 172, 560 N.W.2d 795 (1997). Our court has also indicated that:
 the construction of a statute of doubtful meaning given it by those whose duty it is to enforce it, and which construction the Legislature has, by its continued noninterference for a number of years, acquiesced in, will be approved unless, as thus construed, it contravenes some provision of the Constitution, or is clearly wrong.
International Brotherhood of Electrical Workers, Local Union No. 507 v.City of Hastings, 179 Neb. 455, 459, 138 N.W.2d 822, 825 (1965).
In the present instance, the various state agencies charged with duties of administering the State Insurance Program have apparently construed the term "employee" in § 84-1601 to include state officers as well as employees of the State of Nebraska for some time. For example, the State Auditor's Attestation Review which led to your opinion request notes that the Governor's office has, for many years, issued a one-page document to new Commissioners which contains a statement indicating that Commissioners are considered employees and are therefore eligible for health insurance and other benefits. We also understand that the various state constitutional officers have historically received health insurance benefits under the State Insurance Program as it is administered by the Personnel Division of the Department of Administrative Services. The Legislature has taken no action that we are aware of to *Page 6 
alter that administrative practice as it has been implemented over a number of years. Consequently, administrative practice in implementing the State Insurance Program over time leads us to conclude that the term "employee" as it is used in § 84-1601 and § 84-1604 can include state officers as well as state employees.
While the term "employee" in the State Insurance Program can include officers as well as employees, we also believe that only those state officers who receive a salary or pay from the State can be offered the state health insurance benefit package. We reach that conclusion based upon the language of § 84-1612:
 All contributions by employees under sections 84-1601
to 84-1615 shall be made by payroll deductions. As each new employee becomes eligible for coverage under sections 84-1601 to 84-1615, the Director of Administrative Services shall certify the amount to be deducted each pay period from the employee's pay under sections 84-1601 to 84-1615. When there is any change in the amount of required contribution, such change shall be similarly certified. Such amount shall be deducted each pay period by the director.
Obviously, payroll deductions are available for payment of insurance premiums for state officers only if those individuals are paid a salary by the state. As a result, only such officers are eligible to participate in the State Insurance Program under the applicable statutes.
Your particular questions involve members of the Liquor Control Commission. As noted above, those Commissioners are state officers and they are paid a salary for their service on the Commission. For those reasons, they meet the initial requirements for participation in the State Insurance Program. However, §§ 84-1601 and 84-1604 also require that state employees who participate in the State Insurance Program must work "one-half or more of the regularly scheduled hours during each pay period" that they work. Therefore, members of the Commission must also meet those hourly work requirements in order to receive state insurance benefits.
The statutes creating the State Insurance Program do not offer any specific information about what is meant by the phrase "regularly scheduled hours during each pay period" apart from the language itself. However, in that regard, Neb. Rev. Stat. § 84-1001 (2008) establishes the basic work week for full time service by state officers and employees as forty hours per week. In light of that latter statute, the state agencies which have administered the State Insurance Program have historically required employees and officers who receive state insurance benefits to work at least twenty hours per week. That practice appears reasonable, and is entitled to weight as discussed above. We conclude, therefore, that employees who participate in the State *Page 7 
Insurance Program, including Liquor Control Commissioners, must work a minimum of 20 hours per week in order to be eligible for the benefits involved.[2]
In the Auditor's Attestation Review letter, the Auditor concluded that members of the Liquor Control Commission were not entitled to participate in the State Insurance Program because they worked approximately 5 days per month. You indicated in your opinion request letter that you were the source of that information. However, you also indicated that you told the Auditor's staff that you were "not privy to how much time the Commissioners spent on constituent issues and that the Auditor's staff would need to talk to the Commissioners themselves" for that information. It is your understanding that such a conversation did not take place.
Based upon the analysis discussed above, we believe that the answer to your questions regarding the Commissioners' eligibility for participation in the State Insurance Program ultimately turns upon the amount of time each Commissioner works or is expected to work each week. If they work for twenty hours per week, then they are eligible to participate in the program. If they do not work for the requisite time each week, then they are not eligible to participate in the program. How much they work or they are expected to work each week is a question of fact. Should further inquiry be made by the Auditor or others, the Commissioners should be prepared to document that they do work the required hours to maintain eligibility for the benefits in question
Sincerely,
 JON BRUNING Attorney General
 Dale A. Comer Assistant Attorney General
 Approved by: _______________________ Attorney General
[1] We would also note that some statutes pertaining to particular boards and commissions specifically indicate that members of those entities are entitled to participate in the State Insurance Program, e.g., Neb. Rev. Stat. § 77-5004 (7) (2009) which states that Commissioners of the Tax Equalization and Review Commission "shall be considered employees of the state for purposes of sections 81-1320 to81-1328 and 84-1601 to 84-1615."
[2] We are not aware of any statute which requires Liquor Control Commissioners to render full-time service. As a result, § 84-1001, with its requirement for a forty hour work week, does not directly apply to those Commissioners because it contains a specific exception for "members of any board or commission not required to render full-time service." However, we do not believe that the exception for boards and commissions contained in § 84-1001 precludes application of that statute in this instance to determine the different question of what constitutes "regularly scheduled hours during each pay period" under §§ 84-1601 and84-1604.