STATE OF NEBRASKA, EX REL. ALBERT E. WYCKOFF, V. MARION G. MERRELL ET AL.

FILED JANUARY 17, 1895.   No. 4666.

| 43 | 575 |
| 48 | 307 |
| 43 | 575 |
| 54 | 160 |
| 55 | 155 |
| 43 | 575 |
| 60 | 241 |
| 43 | 575 |
| d62 | 661 |

1. Counties: ALLOWANCE OF CLAIMS: COUNTY BOARD.   All claims against a county must be filed with the county clerk thereof and presented to the county board, and it alone has power and authority to audit and allow such claims.   (Compiled Statutes, sec. 37, art. 1, ch. 18.)

2. Mandamus to County Board.   This court has no authority under the constitution and the laws of the state to compel by *mandamus* the county board of a county to allow a claim against such county, although the court may be of opinion that such claim is a valid obligation against the county and that it has no defense thereto.

3. County Boards: ALLOWANCE OF CLAIMS: MANDAMUS.   A county board in the adjustment of claims against a county acts. judicially, and this court cannot, by *mandamus*, control the ju- dicial discretion of such board.   *State v. Churchill*, 37 Neb., 702, reaffirmed.

4. **Mandamus.** *Mandamus* is the last resort of a litigant and the courts will not employ this remedy when such litigant has a plain and adequate remedy at law; nor in the absence of such remedy unless the relator has a clear right to have the officer to whom he wishes the writ directed perform the identical ministerial act prayed for.

ORIGINAL application for *mandamus* to compel the county clerk of Burt county to draw in favor of relator a warrant on the county treasurer in payment of a balance claimed for the construction of a ditch, and to require the county commissioners to meet and levy a special tax against the property benefited by the improvement. *Dismissed.*

*Charles T. Dickinson,* for relator.

*N. J. Sheckell, contra.*

RAGAN, C:

From the record before us it appears that the material facts in this case are: On the 2d day of October, 1888, Burt county entered into a written contract with A. E. Wyckoff, in and by the terms of which Wyckoff agreed to dig and construct a ditch, previously located by the county, known as the Peterson ditch. The work was to be performed in accordance with certain plans and specifications prepared by an engineer in the employ of the county and to the satisfaction of such engineer. For this work Wyckoff was to be paid fifteen cents per cubic yard as follows: When one-fourth the work was completed the county clerk was to draw his warrant on the county treasurer in favor of Wyckoff for seventy-five per cent of the amount of the cost of the part of the work completed; and when one-half the work was done the clerk was to draw another warrant in favor of Wyckoff for seventy-five per cent of the cost of the second one-fourth of the ditch, and so on until the completion of the ditch and its acceptance by the engineer, when the clerk was to draw his warrant in favor of

Wyckoff for the cost of the ditch at fifteen cents per cubic yard less the payments already made.   The estimate made by the county's engineer was that to build the ditch according to the plans and specifications would require the removal of 32,464 cubic yards of dirt.   Wyckoff, in pursuance of his contract, completed the ditch under the supervision of the engineer of the county and to his satisfaction; and the engineer accepted the ditch and made a report of such acceptance to the county authorities of Burt county; but it appears that Wyckoff, in constructing the ditch according to the terms of his contract and the plans and specifications, was required to remove, and did remove, 38,421 cubic yards of dirt.   The county authorities have paid Wyckoff the cost of removing 32,464 cubic yards of dirt at fifteen cents per cubic yard, but they have refused to pay for the 5,957 cubic yards of dirt removed by Wyckoff in constructing the ditch in excess of the number of cubic yards estimated by the engineer.

Wyckoff has filed in this court an application for a peremptory writ of *mandamus* to compel the clerk to draw his warrant on the treasurer in his, Wyckoff's, favor for $893.55, the cost of removing the 5,957 cubic yards of dirt at fifteen cents a cubic yard; and to compel the county commissioners to meet and levy a special tax or assessment against the property benefited by the construction of said ditch.   This ditch was constructed by authority of chapter 89, Compiled Statutes, 1893, entitled "Swamp Lands." We do not wish to prejudge this case in any particular, but we are at a loss to understand on what theory the county authorities of Burt county refuse to pay the relator's claim. Wyckoff by his contract with the county did not agree to construct this ditch for a gross sum, but at fifteen cents per cubic yard.   Nor is there anything in the contract which limited the compensation of Wyckoff for constructing the ditch to fifteen cents per cubic yard on 32,464 cubic yards of earth only.   The county board did not guaranty that

41

there should be that number of cubic yards of earth removed in constructing the ditch, and had there been less dirt removed than that, Wyckoff would have had no claim against the county for a single cubic yard of dirt not actually removed by him.    It is true that the engineer of the county estimated that to construct the ditch would require the removal of only 32,464 cubic yards of dirt, but this was only an estimate, and the contract did not bind the county to pay for removing that number of yards of dirt unless they were moved, nor bind Wyckoff to construct the entire ditch and receive as full compensation for the work what the removal of that number of cubic yards of dirt would amount to at fifteen cents per cubic yard.    As we read the statute just referred to, this ditch, when constructed, became and was the property of Burt county, and for the cost of its construction the county is liable.    The county, however, under the law may reimburse itself for the cost of the construction of the ditch by levying assessments upon the property benefited thereby.    Wyckoff, then, on the face of this record, has a claim against Burt county growing out of his contract with it for constructing the ditch.    All claims against a county must be filed with the county clerk and presented to the county board, and it alone has power and authority under the statute to audit and allow such claims. (Comp. Stats., sec. 37, art. 1, ch. 18.)

This court has no authority under the constitution and the laws of this state to compel by *mandamus* the county board of Burt county to allow the relator's claim, although we may be of opinion that the claim is a valid obligation against the county and that it has no defense thereto.    Section 645 of the Code of Civil Procedure provides that the writ of *mandamus* may be issued to a board to compel the performance by it of an act which the law specially enjoins as a duty resulting from an office, trust, or station.    But this court cannot by *mandamus* control the judicial discre-

tion of a county board ; and a county board, in the adjustment of claims against the county, acts judicially. (*State.v. Churchill*, 37 Neb., 702.)  Section 646 of the Code of Civil Procedure provides that the writ of *mandamus* shall not be issued in any case where there is a plain and adequate remedy in the ordinary course of law.  Here, then, it may be conceded that the relator has a valid claim against Burt county ; but the law has committed to the county board of that county the authority to examine, adjust, to allow or disallow, such claim, and if the relator shall be dissatisfied with the action of the county board in the premises, he has a plain and adequate remedy at law by an appeal to the district court.

We know of no proceeding that has been so much abused as the remedy by *mandamus*.  It is everywhere said that this remedy is the last resort of a litigant; that the courts will not employ it where the litigant has a plain and adequate remedy at law; nor in the absence of such remedy, unless the relator has a clear right to have the officer to whom he wishes the writ directed perform the identical ministerial act prayed for.  The writ must therefore be, and is, denied and the application

DISMISSED.