STATE OF NEBRASKA, EX REL. FRANKLIN COUNTY, V.
B. HALL VINCENT.

FILED NOVEMBER 19, 1895. No. 5244.

1. **Fees:** CONSTITUTIONAL LAW. The legislature may, in the absence of a constitutional restriction, express or implied, increase or diminish the emoluments pertaining to any office of its own creation.

2. ———: ———. The right to fees or salary earned by a public officer under existing laws is property which the legislature is powerless to destroy by a subsequent act altering the emoluments of such office.

3. **Claims Against Counties:** RULINGS OF COUNTY BOARD. The county commissioners, or board of supervisors, in examining and passing upon claims against the county act judicially, and their action in allowing or rejecting claims has the force and effect of a judgment, and is binding upon all parties thereto, unless vacated or reversed by means of appropriate appellate proceedings. (*Heald v. Polk County*, 46 Neb., 28.)

ORIGINAL application for *mandamus* to compel the respondent, as county clerk of Franklin county, to enter upon his fee book and pay into the county treasury the fees received by him for making the tax list for the year 1891. *Writ denied.*

*H. Whitmore* and *Robert Ryan*, for relator, cited: *Douglas County v. Timme*, 32 Neb., 272; *State v. Shearer*, 29 Neb., 477.

*George W. Sheppard* and *Cobb & Harvey, contra*, cited: *Richardson County v. Mussleman*, 25 Neb., 625; *People v. McCall*, 65 How. Pr. [N. Y.], 443; *People v. Supervisors of Columbia County*, 43 N. Y., 130; *In re Bank of Niagara*, 6 Paige Ch. [N. Y.], 213; *Johnson v. Burrell*, 2 Hill [N. Y.], 238; *Roesink v. Barnett*, 8 Neb., 147; *United States v. Morse*, 3 Story [U. S.], 87.

State v. Vincent.

POST, J.

This is an original application for a writ of *mandamus* to compel the respondent, as clerk of Franklin county, to enter upon the fee book kept by him as such clerk, and to pay over to the treasurer of the county, the sum of $629.64 paid to and received by him for the making of the tax lists of said county for the year 1891. It is alleged by way of answer that the taxes for the year named were levied on the 17th day of June; that the respondent immediately entered upon the work of preparing the tax lists in accordance with the requirement of sections 80, 81, and 82 of the revenue law (Compiled Statutes, ch. 77, art. 1), and that he "had prior to the 4th day of July done and performed a large part of such duty and labor, the exact amount or near approximate respondent is now unable to state." It is further alleged that fully one-half of the labor of preparing said lists had been performed prior to the 1st day of August following. The other allegations of the answer tender questions of law only, and do not require notice in this connection.

By section 13a, chapter 28, Compiled Statutes, 1887, the county clerk was required to enter upon his fee book and account for all fees except for making tax lists. Said section was by the act approved April 3, 1891, so amended as to read "all fees to be entered on the fee book and accounted for." (Session Laws, 1891, ch. 26.) The amendatory act, in the absence of a special provision upon the subject, took effect three calendar months after the adjournment of the legislature of 1891, or on the 5th day of July, the session having terminated on the 4th day of April of that year. (See *McGinn v. State*, 46 Neb., 427.) It is by section 80 of the revenue law made the duty of the county clerk, after the equalization by the state and county boards, and after the levy of taxes by them, and before the 1st day of October following, to prepare the tax lists in the manner therein prescribed. It was the right, therefore,

State v. Vincent.

if not indeed the duty, of the respondent to undertake the work thus imposed upon him immediately after the levy of the taxes for the year 1891, to-wit, on the 17th day of June. It is admitted by the pleadings, as already intimated, that a considerable part of the labor required in the preparation of the tax lists had been performed at the time the amendment of 1891 became a law. It has been held by this court, in conformity with the decided weight of authority, that the legislature may, in the absence of a constitutional restriction, express or implied, increase or diminish the emoluments pertaining to any office of its own creation. (*Douglas County v. Timme,* 32 Neb., 272.) It does not follow, however, that the legislature may, under the pretense of altering the compensation of a public officer, confiscate fees or salary previously earned by him. We are referred by the respondent to numerous cases as supporting the proposition that the amendment of 1891 could have no application to such part of the sum in controversy as had been earned by him at the time said act took effect. It is deemed unnecessary to examine the authorities cited, since it cannot be denied that compensation earned under existing laws is property which is within the protection of the bill of rights. It is clear that in no view of the case is the county entitled to recover the full amount paid to the respondent for the preparation of the tax lists; and in the absence of any admission or evidence from which to determine the amount thereof earned subsequent to July 4, the writ must be denied.

Although the allegations of the petition are by no means definite in that regard, the necessary inference therefrom is that the amount alleged to have been received by the respondent for the preparation of the tax lists for 1891 was paid upon a claim therefor presented to, and in due form allowed by, the county board, which brings the case directly within the rule asserted in *Heald v. Polk County,* 46 Neb., 28, viz., that the county commissioners, or board of

supervisors, in passing upon claims against the county act judicially, and that its action is binding upon all parties thereto, unless reversed or vacated by means of appropriate appellate proceedings.

                                     WRIT DENIED.

RYAN, C., not sitting.