CASS COUNTY, APPELLANT, v. SARPY COUNTY, APPELLEE.

FILED FEBRUARY 6, 1909. NO. 15,761.

Counties: BRIDGE REPAIRS: "RECOVERY BY SUIT." The words "recovery by suit," as used in the proviso of section 6147, Ann. St. 1907, include a suit instituted by an appeal from the disallowance of a claim by a county board.

APPEAL from the district court for Sarpy county: LEE S. ESTELLE, JUDGE. *Reversed.*

*C. A. Rawls,* for appellant.

*Ernest R. Ringo* and *John F. Stout, contra.*

GOOD, C.

This appeal arises out of the disallowance by the county board of Sarpy county of a claim against said county filed by the county of Cass for one-half of the cost of certain repairs to a bridge over the Platte river between said counties. The county board of Cass county had previously requested the county board of Sarpy county to enter into a joint contract for the repair of the bridge. The county board of Sarpy county refused to enter into such a con-

tract or to have anything to do with making the repairs. Cass county then let the contract and caused the repairs to be made and paid the contractor therefor. The claim which it filed with the county clerk of Sarpy county was for one-half of the cost of the repairs. After the disallowance of the claim by the county board of Sarpy county, Cass county appealed to the district court, and set forth the facts in a petition filed therein. The defendant filed an answer, and the plaintiff replied thereto. The cause came on for trial, and a jury was impaneled. The defendant objected to the introduction of any evidence, upon the ground that the district court had no jurisdiction. The objection was sustained and judgment of dismissal entered. Plaintiff has appealed.

Plaintiff's right to recover is founded upon sections 6146, 6147, Ann. St. 1907. The latter part of section 6147 is as follows: "Provided, that if either of such counties shall refuse to enter into contracts to carry out the provisions of this section, for the repair of any such bridge, it shall be lawful for the other of said counties to enter into such contract for all needful repairs, and recover by suit from the county so in default such proportion of the cost of making such repairs as it ought to pay, not exceeding one-half of the full amount so expended." Defendant contends that, under the proviso quoted, recovery can be had only in an original action in court, and that said proviso does not require the claim to be submitted to the county board for allowance or disallowance, and that the district court could not therefore acquire jurisdiction of the action by an appeal from the county board. It will be conceded that, if the county board was without jurisdiction to pass upon the claim, the district court could not by appeal acquire jurisdiction, and, on the other hand, if the county board had jurisdiction to pass upon the claim, the district court acquired jurisdiction by the appeal. The determination of this case must rest upon the construction placed upon the proviso to section 6147 above quoted.

The word "suit" has received many and varied definitions. It has been defined as a proceeding in a court of justice for the enforcement of a right; an action or process for the recovery of a right or claim; the prosecution or pursuit of some claim, demand or request. Ordinarily the term "suit" is applied to any proceeding in a court of justice by which one pursues that remedy which the law affords him, but it is not always essential that the proceedings should be originally instituted in a court. See 7 Words & Phrases, 6769. In *Gurnee v. Brunswick*, 11 Fed. Cas. 117, it was held that the filing of a claim before a county board was not the commencement of a suit, but that the filing of an appeal in court from an order of the county board allowing or disallowing a claim was the commencement of a suit. We are of the opinion that in the strict sense of the term the filing of a claim against a county with the county clerk is not the commencement of a suit, but is rather a preliminary proceeding that may ripen into a suit. Upon the presentation of a claim against a county to a county board, if the claim is allowed, there is no occasion for further proceeding. If the claim is disallowed, the law permits an appeal to be taken to the district court. The lodging of such appeal in the district court is a proceeding instituted in a court of justice for the enforcement of a right; it is the prosecution of a demand in a court of justice; it is a process for the recovery of a right or claim, and is the institution of a suit for the recovery of a claim. By section 6147, above referred to, the legislature made no attempt to prescribe the method of procedure for the institution of a suit to recover from a delinquent county. By other sections of the statute provision is made for the filing of claims against the county and the audit and allowance thereof by the county board. By section 4441, Ann. St. 1907, county boards are given power to examine and settle all accounts against the county. By section 4455 provision is made for an appeal from the disallowance of a claim. In *State v. Merrell*, 43 Neb. 575, it is said: "All claims against a county

must be filed with the county clerk thereof and presented to the county board, and it alone has power and authority to audit and allow such claims." In *Heald v. Polk County*, 46 Neb. 28, it was held that county boards were invested with exclusive original jurisdiction to hear and determine, to allow or disallow, all claims against their counties. To the same effect is *State v. Vincent*, 46 Neb. 408. In the latter case it was held that the jurisdiction of the district court is appellate only, and that an original action on such demands could not be maintained. In *State v. Stout*, 7 Neb. 89, under an act "to provide for the adjustment of claims against the state treasury," etc., the right to bring an original action against the state was denied, and it was held the only mode by which the courts could acquire jurisdiction in such cases was by an appeal, as provided in section 2 of said act. We apprehend that the legislature in the enactment of section 6147 had in view as one of the methods of instituting suit the general provisions of the statute conferring upon county boards the power to audit and pass upon claims against the county. It might be that the delinquent county, upon the presentation of a claim, would be willing to adjust and settle it. We think that the legislature did not contemplate taking away this power from county boards in this class of cases, but that it intended by the language "recovery by suit from the county so in default" to permit the suit to be instituted by an appeal from the disallowance of claims by the county board. Whether under the language used an original action might be maintained, it is unnecessary to determine. It necessarily follows that the district court erred in sustaining the objection to the jurisdiction.

We recommend that the judgment be reversed and the cause remanded for further proceedings according to law.

EPPERSON, C., concurs.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed

and the cause remanded for further proceedings accord-
ing to law.

REVERSED.

ROOT, J., not sitting.