MARLENE MINSHULL, APPELLEE, v. SCHOOL DISTRICT OF SUTHERLAND, IN THE COUNTY OF LINCOLN, IN THE STATE OF NEBRASKA, A POLITICAL SUBDIVISION, APPELLANT.

253 N. W. 2d 45

Filed April 27, 1977. No. 40993.

Maupin, Dent, Kay, Satterfield, Girard & Scritsmier, Dale A. Romatzke, and Gary D. Byrne, for appellant.

Theodore L. Kessner of Crosby, Guenzel, Davis, Kessner & Kuester, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

McCOWN, J.

This is an appeal from an order of the Court of Industrial Relations interpreting a "personal leave" provision in an employment agreement between the School District of Sutherland and the Sutherland Education Association. The decision of the Court of Industrial Relations was in favor of the teacher, and the school district has appealed.

The appellee, Marlene Minshull, had been employed as a special education teacher by the School District of Sutherland, Nebraska, since 1965. On March 6, 1975, she told the superintendent and her supervisor that she wished to take personal leave on March 21, 1975, in order to see and hear her daughter perform at a school-sponsored music contest. Her supervisor told her to get a substitute and go to the music contest. She contacted her regular substitute on March 17, 1975, and arranged for her replacement. On the 18th of March 1975, the superintendent told the appellee that he did not consider going to a music competition personal business, and that she could not be paid for the day. The appellee left work at 10 a.m., on March 21st and attended the South Platte Valley Music Association competition and was docked $36. The appellee filed a grievance with the board of education. It was denied by the

board on May 14, 1975, and appellee brought this action in the Court of Industrial Relations.

Article IX, paragraph 1, of the employment agreement for the 1974-75 school year which is involved here provides: "Personal leave is defined to be a leave from classroom duties in order that the teacher can transact personal business. Two days of this type leave is available for each teacher per year. All arrangements for the taking of days of personal leave should be made with the Superintendent of Schools well in advance in order that the Superintendent can make arrangements for the teacher's absences. (This is according to the recommendations of the fact finding Board of 1972)."

The applicable paragraph of the recommendations referred to was: "The Fact-Finding Board recommends that each teacher be allowed two days of personal leave per year. All arrangements for the taking of the days of personal leave should be made with the Superintendent of Schools well in advance in order that the Superintendent can make arrangements for the teacher's absence."

The recommendations of the 1972 fact-finding board had been made following the breakdown of negotiations for a new contract for the 1972-73 school year. Under the prior contract a teacher was allowed 1 day a year personal leave subject to the approval of the superintendent. The association was asking for 2 days personal leave to be taken at the discretion of the teacher without approval by the superintendent, with the sole duty on the teacher being to give timely notice in order that a substitute could be found. The Court of Industrial Relations found that the recommendations of the fact-finding board adopted the teachers' position. Other leave provisions of the employment contract are not involved nor in dispute here.

The school district contends that "personal leave" is to be limited to commercial business purposes,

and is subject to the discretion of the superintendent as to what circumstances will constitute a personal business transaction. The appellee contends that a teacher may take 2 days personal leave a year at the discretion of the teacher, limited only by the requirement that the teacher must give adequate notice so that a substitute may be found.

The Court of Industrial Relations determined that the personal leave provisions of the contract did not make the taking of the leave subject to the approval of the superintendent, and that "Personal business" included any reasonable purpose that could not be accomplished outside school hours. It held that the contract grants teachers 2 days personal leave to be taken at their discretion, limited in two ways: First, the teacher must give adequate notice so that a substitute may be found, and, second, the leave must be taken for a reasonable purpose that could not be accomplished outside school hours. A purpose of mere entertainment or a vacation were determined to be unreasonable. The Court of Industrial Relations also held that the school board may not disallow pay for personal leave days unless it finds either that adequate notice was not given, or that the purpose was unreasonable, or that the purpose could have reasonably been accomplished outside school hours. It is apparent on the record that the interpretation of the contract made by the Court of Industrial Relations in the case now before us was reasonable and is fully supported by the evidence.

In an appeal to the Supreme Court from an order of the Court of Industrial Relations, the questions to be determined are whether the action was supported by substantial evidence justifying the order made, whether the Court of Industrial Relations acted within the scope of its statutory authority, and whether its action was arbitrary, capricious, or unreasonable. American Assn. of University Professors v. Board of Regents, *ante* p. 243, 253 N. W. 2d 1.

The Court of Industrial Relations acted within the scope of its statutory authority, its order is supported by substantial evidence, and its action was not arbitrary, capricious, or unreasonable. The order of the Court of Industrial Relations is affirmed.

AFFIRMED.

SPENCER, J., concurs in the result.