TRANSPORT WORKERS OF AMERICA, LOCAL 223, AFL-CIO, APPELLEE, v. TRANSIT AUTHORITY OF THE CITY OF OMAHA, DOING BUSINESS AS METRO AREA TRANSIT, APPELLANT.

286 N. W. 2d 102

Filed December 11, 1979. No. 42512.

Soren S. Jensen of Swarr, May, Smith & Andersen, for appellant.

John P. Grant of Robert E. O'Connor & Associates, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C. J.

This is an appeal by the Transit Authority of the City of Omaha, doing business as Metro Area Transit (MAT), from an opinion and order of the Court of Industrial Relations, now the Commission of Industrial Relations (CIR), resolving an alleged industrial dispute between MAT and the Transport Workers of America, Local 223, AFL-CIO (Union), pursuant to section 48-801 et seq., R. R. S. 1943 (the Act). The plaintiff Union represents employees of MAT in the Omaha metropolitan area. Collective bargaining agreements between the parties were in effect during the period from 1973 to 1977, and the alleged industrial dispute involved in this appeal grows out of those agreements. For reasons more particularly detailed hereinafter, we find that the CIR was without jurisdiction in this matter. We therefore reverse the order of the CIR and remand the cause to the CIR with directions to dismiss the petition.

Union instituted these proceedings before the CIR by filing a petition which in summary alleged that Union and MAT had executed a collective bargaining agreement which was in full force and effect; that by Article XIII of said agreement MAT agreed to provide a short-term disability benefit for all participating employees; and that MAT now refused to pay the short-term disability benefit for all participating employees. Union therefore prayed that the CIR conduct a hearing and declare the rights, duties, and obligations of the parties under their agreement and, upon completing such declaration, order MAT to render an accounting of all amounts due and owing to participating employees under the agreement.

The parties stipulated in writing: "Insofar as the Court is required to resolve the industrial dispute be-

tween the parties, the only issue which is to be submitted to the Court for decision is whether employees who are receiving workmen's compensation benefits are also entitled to receive short term disability benefits *as provided in the relevant collective bargaining agreements."* (Emphasis supplied.)

On September 6, 1978, the CIR entered an opinion and order in which it found that the provisions of the contract were clear and unambiguous and did not require interpretation in that the contract required payment for short-term disability for either work-related or nonwork-related accidents from the first day. In essence, the CIR declared the rights, duties, and obligations of the parties under the agreements, finding that MAT had breached its contract with Union. It then ordered that an accounting be had between the parties as to the claims payable under the determination made by the CIR. The order specifically provided that it was "in the nature of instructions to the parties" and "shall not be considered a final order of the court."

Thereafter, on November 13, 1978, the CIR vacated its order of September 6, 1978, and entered a new opinion and order which was identical in all respects to the previous order except it did not contain the final paragraph which made the opinion and order instructive and not a final order. Simply stated, the dispute involved in this case was a question of whether MAT had breached its contract with Union and, if so, what damages were due and owing to the alleged injured parties by reason of the breach.

MAT maintains the order of the CIR was erroneous in several respects. However, the first issue which must be decided before proceeding to consider the various assignments of error raised by MAT, and a matter of first impression, is whether the CIR had jurisdiction to declare the rights, duties, and obligations of the parties under an existing agreement and to order an accounting in connection

therewith. If, in fact, the CIR is without jurisdiction to declare the rights, duties, and obligations of the parties under an existing agreement and thereafter grant equitable relief in the form of an accounting, we need not consider any assignment of error claimed by MAT.

We have earlier held that where the CIR has no jurisdiction in the subject matter of the action, all proceedings in such action are void. Nebraska Dept. of Roads Employees Assn. v. Department of Roads, 189 Neb. 754, 205 N. W. 2d 110. The fact that the parties may have agreed that the CIR could take jurisdiction does not change the result.

We have heretofore said the CIR is not a court and is in fact an administrative body performing a legislative function. American Assn. of University Professors v. Board of Regents, 198 Neb. 243, 253 N. W. 2d 1.

An administrative board has no power or authority other than that specifically conferred by statute or by a construction necessary to accomplish the plain purpose of the act. City of Auburn v. Eastern Nebraska Public Power Dist., 179 Neb. 439, 138 N. W. 2d 629; Slosburg v. City of Omaha, 183 Neb. 839, 165 N. W. 2d 90; City of Schuyler v. Cornhusker P. P. Dist., 181 Neb. 704, 150 N. W. 2d 588.

"An administrative agency cannot enlarge its own jurisdiction nor can jurisdiction be conferred upon the agency by parties before it. Accordingly, it is held that deviations from an agency's statutorily established sphere of action cannot be upheld because based upon agreement, contract, or consent of the parties, nor can they be made effective by waiver or estoppel." 2 Am. Jur. 2d, Administrative Law, § 331; Bair v. Blue Ribbon, Inc., 256 Iowa 660, 129 N. W. 2d 85.

The authority of the Commission of Industrial Relations is carefully circumscribed. Its procedures are prescribed by statute. Its jurisdiction is clearly defined and is limited to what are clearly legislative

concerns. University Police Officers Union v. University of Nebraska, 203 Neb. 4, 277 N. W. 2d 529.

If the CIR has authority to hear cases involving an alleged breach of contract, declare rights, duties, and obligations of parties and grant equitable relief such as an accounting, that authority must be found in the Constitution and statutes creating and authorizing the CIR. We are unable to find such authority.

While it is true that section 48-801 (7), R. R. S. 1943, defines an "industrial dispute" to include "any controversy concerning terms, tenure or conditions of employment," a reading of the entire Act, as well as our earlier decisions, discloses that not every controversy concerning terms, tenure, or conditions of employment is indeed an industrial dispute under the Act giving jurisdiction to the CIR. A uniquely personal termination of employment may in fact involve a controversy concerning terms, tenure, or conditions of employment, yet we have heretofore held that such uniquely personal termination of employment does not constitute an industrial dispute over which the CIR has jurisdiction. Nebraska Dept. of Roads Employees Assn. v. Department of Roads, *supra*. Likewise, a reading of the pertinent statutes concerning teachers discloses that a teacher under contract to a school district, who is thereafter discharged in alleged breach of her contract, may not seek enforcement of that contract or damages for breach thereof by filing an action in the CIR even though the controversy may concern terms, tenure, or conditions of employment. See, §§ 79-1254 and 79-1259, R. R. S. 1943; Alexander v. School Dist. No. 17, 197 Neb. 251, 248 N. W. 2d 335; Witt v. School District No. 70, 202 Neb. 63, 273 N. W. 2d 669.

The public policy of the CIR is expressed in section 48-802, R. R. S. 1943, of the Act and points out that the Act is intended to provide public employees who do not otherwise have the right to strike an opportunity to mediate and arbitrate matters of em-

ployment which have not yet been agreed to by the employer.

By providing for a forum in which a public employer and a public employee may discuss future wages, hours, and conditions of employment or terms of employment without interruption of necessary public service, the Legislature has sought to protect "its citizens from any dangers, perils, calamities, or catastrophes which would result" from interruption or termination of public service. § 48-802, R. R. S. 1943.

It is the public interest in having uninterrupted public service that is principally sought to be protected by the creation of the Act and not the creation of a specialty forum for the trying of breach of contract cases by public employees.

That the authority of the CIR is limited to disputes between a public employer and a public employee absent an agreement is made even clearer when we examine the provisions of sections 48-818 and 48-819, R. R. S. 1943. Section 48-818 specifically limits the findings and orders of the CIR to establishing or altering "the scale of wages, hours of labor, or conditions of employment, or any one or more of the same." Specifically, section 48-818 provides: "In making such findings and order or orders the Court of Industrial Relations shall establish rates of pay and conditions of employment which are comparable to the prevalent wage rates paid and conditions of employment maintained for the same or similar work of workers exhibiting like or similar skills under the same or similar working conditions." The mandate language of section 48-818 does not lend itself to any suggestion that the CIR could alter or modify the terms of an existing agreement during the life of the agreement, any more than either party could unilaterally do so.

Likewise, under the provisions of section 48-819, R. R. S. 1943, the CIR has no authority to enforce its

own orders, such orders only being enforceable in an appropriate proceeding in courts of this state. It would indeed be an anomaly if the CIR had jurisdiction to find that one of the parties had breached the agreement but could not order the necessary remedy occasioned by the breach.

Section 48-819, R. R. S. 1943, provides that orders, temporary or final, entered by the CIR are enforceable in appropriate proceedings in the courts of this state. What would be an appropriate proceeding to be brought in the District Court to collect money ordered paid by the CIR as damages for breach of contract? Certainly, mandamus would not be. Public officials, in the absence of a specific law, are not required to pay judgments so as to entitle a citizen to seek a writ of mandamus. § 25-2156, R. R. S. 1943. See, also, State v. Merrell, 43 Neb. 575, 61 N. W. 754. Nor could an execution against public property be levied. Obviously, before one can attempt to collect damages from a governmental subdivision, one must obtain a judgment in an appropriate court of competent jurisdiction and file a claim with the appropriate public body. §§ 24-329, 14-804, 14-813, 15-840, 15-841, 16-726, 16-727, R. R. S. 1943.

The balance of section 48-819, R. R. S. 1943, offers no further help. That portion provides that contempt shall be in a District Court for a failure to comply with an order of the CIR if a similar failure to comply with an order of a District Court would constitute a contempt of the District Court. Yet the failure to pay a money judgment resulting from a breach of contract is not grounds for contempt in the District Court. It appears to us that the Act has not in any manner attempted to grant the CIR powers to resolve breach of contract cases even if the breach concerns itself with terms, tenure, or conditions of employment. Once an agreement is reached and a subsequent breach is alleged to have occurred, the parties are required to litigate their dispute in a

competent court having jurisdiction of the matter.

A second and equally material reason requires our action in this case. The CIR has no authority to grant either declaratory or equitable relief such as an accounting.

As a general rule administrative agencies have no general judicial powers, notwithstanding they may perform some quasi-judicial duties. Moreover, unless permitted by the Constitution, the Legislature may not authorize administrative officers or bodies to exercise powers which are essentially judicial in their nature, or to interfere with the exercise of such powers by the courts. 73 C. J. S., Public Administrative Bodies and Procedures, § 36. See, also, Anderson v. Tiemann, 182 Neb. 393, 155 N. W. 2d 322. Likewise, the Constitution of the State of Nebraska firmly establishes that the judicial power in Nebraska is vested solely in the courts. Art. II, § 1, and Art. V, § 1, Constitution of Nebraska. As an administrative body the CIR may not exercise judicial functions.

"Nebraska's Constitution contains an absolute prohibition upon the exercise of the executive, legislative and judicial powers by the same person or the same group of persons. It has remained a part of the Constitution unchanged since 1875. It is more certain and positive than the provisions of the federal Constitution and those of some of the states, which merely definitely divided the three powers of government." Laverty v. Cochran, 132 Neb. 118, 271 N. W. 354.

The entering of a declaratory judgment and the ordering of an accounting are clearly judicial functions. See, § 25-21,149 et seq., R. R. S. 1943; Cook v. Wilkie, 181 Neb. 596, 150 N. W. 2d 124; 1 Am. Jur. 2d, Accounts and Accounting, § 44; 22 Am. Jur. 2d, Declaratory Judgments, § 2.

If we were to hold that the Legislature had in fact granted to the CIR judicial powers, we would be

compelled to find that such delegation violated the Constitution of the State of Nebraska and was invalid.

It is a long-recognized principle of statutory construction that where a statute is susceptible of two constructions, one of which renders it constitutional, and the other unconstitutional, it is the duty of the court to adopt the construction which, without doing violence to the fair meaning of the statute, would render it valid. State ex rel. Meyer v. County of Lancaster, 173 Neb. 195, 113 N. W. 2d 63; Anderson v. Tiemann, *supra*.

The CIR performs an important and vital function in resolving impasses in the public sector. It is not, however, a substitute for the District Court with regard to existing and agreed terms, tenure, and conditions of employment. It has not been made a court by the Legislature. The proper forum to resolve this dispute is the courts.

The order, therefore, is reversed and the cause remanded to the CIR with directions to dismiss the petition of Union. In view of the basis for our disposition of the matter, we need not consider any of the assignments of error raised by MAT.

REVERSED AND REMANDED WITH DIRECTIONS.