PLATTSMOUTH POLICE DEPARTMENT COLLECTIVE BARGAINING COMMITTEE, APPELLEE, v. CITY OF PLATTSMOUTH, APPELLANT.

288 N. W. 2d 729

Filed February 20, 1980. No. 42575.

Herbert J. Elworth of Casey & Elworth, for appellant.

Michael W. Amdor, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding before the Commission of Industrial Relations. The plaintiff is the bargaining agent for the employees of the police department of the defendant, City of Plattsmouth, Nebraska, other than the chief of police and lieutenant. The petition filed by the plaintiff alleged that an industrial dispute existed between the defendant and the employees of its police department. The defendant did not deny that an industrial dispute existed. It alleged that it was willing to bargain and negotiate with the plaintiff on all issues, but admitted that an impasse in negotiations existed and requested that the commission resolve the dispute.

After an evidentiary hearing the commission entered an order fixing and determining the wages and working conditions for officers, detectives, sergeants, and dispatchers employed in the police department of the defendant.

The defendant has appealed and contends that the order of the commission was erroneous in several respects. However, before proceeding to the principal issues involved in the appeal, there are several preliminary issues that require mention.

The commission found the defendant had engaged in unfair labor practices and ordered the City to promote a sergeant to lieutenant and restore a secretary/part-time dispatcher to the department. The plaintiff concedes this part of the order was beyond the jurisdiction of the commission under the rule stated in University Police Officers Union v. University of Nebraska, 203 Neb. 4, 277 N. W. 2d 529. Accordingly, that part of the order must be vacated.

The commission also ordered the City to amend its pension plan to provide a 12 percent or 6 and 6 pension plan. The pension plan is in the nature of a long-term contract which extends beyond the 2-year period over which the commission had jurisdiction in this case. The commission has no general juris-

diction over contractual disputes. See Transport Workers of America v. Transit Auth. of City of Omaha, *ante* p. 26, 286 N. W. 2d 102. That part of the order which directed the defendant to amend its pension plan was beyond the jurisdiction of the commission and must also be vacated.

The principal issues involved in this appeal relate to the determination of wages and working conditions for the employees in question for the period from August 1, 1976, to July 31, 1978. The defendant contends the commission erred in receiving evidence over its objection, that the evidence does not support the findings of the commission as to the wages which should be paid, and that the commission had no authority to establish a salary step schedule.

The salary step schedule merely determined that employees with less than 1 year's experience, employees with 1 year's experience, and employees with more than 2 years' experience, all within the same job classification, should be paid wages differently depending upon their experience. It was a recognition that experience and longevity in employment may provide a basis for an increase in compensation over the starting salary fixed for a particular job classification. This part of the order was not beyond the jurisdiction of the commission because it is a matter for consideration in the determination of wages. The order, of course, affected only wages to be paid during the period over which the commission had jurisdiction and did not bind the defendant after July 31, 1978.

The plaintiff contends that the defendant can not raise any issue on appeal concerning rulings on evidentiary matters by the commission because the defendant did not file a motion for new trial before the commission. The plaintiff relies upon section 48-812, R. R. S. 1943, which provides that appeals from an order of the commission to this court shall be taken

in the same manner and time as appeals from the District Court to this court, and shall be disposed of in this court "in the manner provided by law for disposition of equity cases."

The requirement that a motion for new trial be filed in the District Court as a prerequisite to raising certain issues on appeal is statutory in origin. Generally, we have held this requirement is not applicable to proceedings before administrative bodies in the absence of a specific statute making such a requirement. We do not interpret section 48-812, R. R. S. 1943, as making such a requirement and find no merit in the plaintiff's contention.

The commission based its order upon an array consisting of Beatrice, La Vista, Nebraska City, York, Papillion, Blair, Ralston, Fairbury, and Plattsmouth. It chose these cities because they were the four cities immediately above and below Plattsmouth in population and were within a reasonable distance of Plattsmouth. Of these cities the defendant submitted evidence only as to salaries in La Vista, Nebraska City, Blair, and Plattsmouth.

The plaintiff was allowed, over objection, to introduce exhibits compiled from questionnaires concerning salaries paid in 22 first-class cities. The plaintiff called an expert witness who, over objection, was allowed to testify as to his opinion based upon these exhibits.

The questionnaires had been prepared by the expert witness. The plaintiff had mailed the questionnaires to the police departments in the 22 cities. The questionnaires which were returned to the plaintiff through the mail were not authenticated in any way. The questionnaires listed minimum and maximum salaries but there was no indication as to whether the salaries listed were actually being paid or under what conditions employees would be entitled to receive the maximum salaries.

In the taking of evidence the commission was re-

quired to follow the rules of evidence prevailing in the trial of civil cases. § 48-809, R. R. S. 1943. Because of the lack of foundation evidence to establish the source and reliability of the information contained on the questionnaires which was the basis for the compilations offered by the plaintiff, the defendant's objections to these exhibits should have been sustained. Since the exhibits were the basis for the opinion testimony given by the plaintiff's expert witness, the defendant's objections to his testimony should have been sustained. An expert witness should not be allowed to express an opinion where the evidence shows there is no adequate basis for the opinion. Clearwater Corp. v. City of Lincoln, 202 Neb. 796, 277 N. W. 2d 236. The result is that there is no substantial evidence in the record to sustain the findings and order of the commission.

Those parts of the order of the commission relating to alleged unfair labor practices by the defendant and the defendant's pension plan are vacated. The balance of the order is reversed.

ORDER VACATED IN PART, AND IN PART REVERSED.

BRODKEY, J., concurs in result.