FRATERNAL ORDER OF POLICE, LODGE NO. 12, APPELLEE AND CROSS-APPELLANT, v. COUNTY OF ADAMS, NEBRASKA, A POLITICAL SUBDIVISION, APPELLANT AND CROSS-APPELLEE.
289 N. W. 2d 535

Filed March 11, 1980. No. 42549.

Nelson & Harding, A. Stevenson Bogue, and William A. Harding, for appellant.

Les Seiler, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

HASTINGS, J.

The County of Adams appeals from an order of the

Commission of Industrial Relations (CIR) ordering it to pay uniformed employees of the Adams County sheriff's department a monthly clothing allowance of $25 and increasing by $39 per month payments to the family medical insurance coverage of department employees within that program. The appellee in this action is the Fraternal Order of Police, Lodge No. 12 (Lodge), the bargaining agent for the employees involved. It cross-appeals from that portion of the CIR's order denying its request to raise certain wages, and to institute overtime and holiday pay, vacation provisions, sick leave, and tenure. However, the claimed errors are in no way discussed in its brief and in accordance with our rules will not be considered.

A petition was filed by the Lodge on August 22, 1978, alleging that an industrial dispute existed by reason of the refusal of the County to bargain concerning the items set forth above. A hearing was had and evidence consisted of testimony of Greg McGee, acting sheriff, Billy Simmons, a deputy sheriff, and Hugh Catherwood, a consultant in the field of personnel relations, as well as considerable statistical data.

The County's nine assigned errors may be consolidated into two general categories — rejection or acceptance of certain items of evidence, and awarding financial benefits to the employees, claiming that the total compensation previously received was comparable to the prevalent.

At the outset we dispose of the Lodge's contention that the appeal be dismissed because of the failure of the County to file a motion for a new trial. This is disposed of by our holding in Plattsmouth Pol. Dept. Coll. Barg. Comm. v. City of Plattsmouth, *ante* p. 567, 288 N. W. 2d 729 (1980), that a party appealing from an order of the Commission of Industrial Relations is not required to file a motion for a new trial

before the commission as a prerequisite to an appeal. There is no merit to the Lodge's contention.

Beyond that preliminary statement, we will state that in reviewing the findings and orders of the Commission of Industrial Relations we are restricted to considering whether the order of the commission is supported by substantial evidence justifying the same, whether the commission acted within the scope of its statutory authority, and whether its action was arbitrary, capricious, or unreasonable. We affirm the action of the CIR.

The witness McGee testified as to the general duties of the various categories of employees and the average amount of overtime put in by each category.

Deputy Simmons testified that the average cost to him for the cleaning of his uniforms amounted to $29.75 per month and in addition to that he had to provide his own shoes and weapons. Also, having served in the past as a member of the Hastings police department, he described the duties of the various categories of sheriffs with corresponding police rankings so that wage comparisons could be made.

Both parties introduced statistical data which consisted of an array comprised of Hall, Dodge, Madison, Buffalo, Platte, Dawson, Seward, and York counties. Four of these counties were larger and four smaller than Adams County. The mean population of the eight counties was 27,963, the median 29,400, and the population of Adams County was 29,200. In addition, the Lodge offered evidence of pay rates and benefits paid by Lincoln County which, although objected to by the County because it had a population of 34,700, was received by the CIR. The County offered as evidence, by way of comparative wages and benefits paid by the Hastings police department as to secretary-matrons, the wages paid by selected private employers to secretaries and

clerk typists. This evidence was all rejected by the CIR for the reason that as to both the Hastings police department and private sector employees, it did not establish a similarity of work skills under the same or similar working conditions. In selecting employment units in reasonably similar labor markets for the purpose of comparison as to wage rates and other benefits, the question is whether, as a matter of fact, the units selected for comparison are sufficiently similar and have enough like characteristics or qualities to make comparison appropriate. Omaha Assn. of Firefighters v. City of Omaha, 194 Neb. 436, 231 N. W. 2d 710 (1975). The determinations made here, both as to acceptance and rejection of claimed comparables, were within the field of expertise of the Commission of Industrial Relations, were made after a consideration and comparison of all the evidence, and the methods of selection and comparison were in accord with the requirements of section 48-818, R. R. S. 1943. The CIR's action in accepting and rejecting evidence was within the scope of its statutory authority and was neither arbitrary, capricious, nor unreasonable.

After reviewing in some detail the various wages paid Adams County employees vis-a-vis those furnished the employees in the other nine counties, the CIR then made specific findings after adjusting all wages to the same length work week. It found that the Lodge had not sustained its burden that the wages paid were too low and the County had likewise failed in its effort to demonstrate that they were too high. Following is a tabulation of those findings, with the Adams County average pay for each occupation in parenthesis following the average minimum and maximum in the nine-county array: Jailer/Dispatcher, $696.25/$764 ($763.60); Deputy I, $749.11/$892.82 ($837.50); Deputy II, $876.57/$895.50* ($915.66); Secretary/Matron, $539.77/$678.33 ($624).** [Note: *Only two counties reported a Deputy II

maximum. ** Adjusted from $546 to a 40-hour week.]

Additionally, the CIR found that compensatory time, rather than time and one-half, was the prevalent practice and which neither party desired; that there is no prevalent practice of paying double time for holidays; that the vacation benefits were comparable to the prevalent practice; that sick leave accumulation is similar to that of the array; and that the evidence does not support the presence of "tenure" for employees in any part of the array. As to medical insurance, although the County paid slightly more, $1 to $5 for employee coverage, the amount allocated to family benefits was approximately $3 as compared to from $28 to $72 in the array. Uniform allowances ranged from $15 to $40 in the array as opposed to nothing provided by the County. Accordingly, the CIR ordered the County to pay a clothing allowance of $25 per month and family medical insurance coverage benefits of $42.11 per month, up $39 from the previous $3.11.

It was implicit in the order of the CIR, and as a matter of fact specifically so found, that all wages and benefits paid by the County were comparable to the prevalent except for the insurance benefits and clothing allowances. We hold that these findings and the order predicated on the same were supported by substantial evidence justifying the same, were based on actions of the CIR well within the scope of its statutory authority, and were neither arbitrary, capricious, nor unreasonable.

Accordingly, we affirm the order of the Commission of Industrial Relations.

AFFIRMED.