ELMER SALTZ, APPELLANT, V.
SCHOOL DISTRICT OF NORFOLK, IN THE COUNTY OF MADISON, IN THE STATE OF NEBRASKA, A POLITICAL SUBDIVISION, APPELLEE.

305 N.W.2d 635

Filed May 8, 1981. No. 43311.

Theodore L. Kessner and Mark D. McGuire of Crosby, Guenzel, Davis, Kessner & Kuester for appellant.

Jewell, Otte, Gatz, Collins & Domina for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

CLINTON, J.

This is an appeal from the Commission of Industrial Relations. The plaintiff, Elmer Saltz, is a certificated teacher employed by the School District of Norfolk, in the County of Madison, in the State of Nebraska. During the 1978-79 contract year, the plaintiff's employment was governed by the terms and conditions of an agreement negotiated by the labor organization, of which he was a member, and the school district.

The plaintiff filed a petition with the Commission of Industrial Relations in which he sought an order of the

CIR finding that he was entitled to 1 day of paid personal leave taken in accordance with the negotiated personal leave policy of the school district, and for an order directing the school district to pay to the plaintiff 1/186th of his 1978-79 salary allegedly wrongfully withheld as a result of the school district denying a day of paid personal leave. He also sought an order directing the school district to remove from his personnel file a letter of reprimand. Personal leave policy was governed by the terms of the negotiated labor agreement.

The CIR dismissed the action because it did not have jurisdiction under our holding in *Transport Workers of America v. Transit Auth. of City of Omaha*, 205 Neb. 26, 286 N.W.2d 102 (1979). The plaintiff appeals to this court and urges that *Transport Workers of America* be overruled. Among other arguments made, the plaintiff points out that in the case of *Minshull v. School Dist. of Sutherland*, 198 Neb. 418, 253 N.W.2d 45 (1977), this court affirmed a judgment of the CIR involving a matter similar to that here involved and in principle the same. We simply point out that in *Minshull,* no jurisdictional question or issue as to the definition of industrial dispute was raised by the parties and that decision preceded our decision in *Transport Workers of America.*

In *Transport Workers of America* we held: "The Commission of Industrial Relations' authority to resolve disputes concerning terms, tenure, or conditions of employment is limited to situations in which the parties have not yet reached agreement. Once an agreement is reached and a subsequent breach is alleged to have occurred, the parties are required to litigate their dispute in a competent court having jurisdiction of the matter." (Syllabus of the court.)

We adhere to that holding. The order of the Commission of Industrial Relations dismissing the plaintiff's petition is affirmed.

AFFIRMED.