INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 763, AFL-CIO, APPELLANT, v. OMAHA PUBLIC POWER DISTRICT, APPELLEE.

307 N.W. 2d 795

Filed July 2, 1981. No. 43367.

M. H. Weinberg of Weinberg & Weinberg, P.C., for appellant.

Hird Stryker of Fraser, Stryker, Veach, Vaughn, Meusey, Olson & Boyer, P.C., for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C.J.

The appellant, International Brotherhood of Electrical Workers Local 763, AFL-CIO (IBEW), appeals from an order entered by the District Court for Douglas County, Nebraska, sustaining a demurrer filed by the appellee, Omaha Public Power District (OPPD). The demurrer was filed in response to an amended petition filed by IBEW seeking declaratory relief pursuant to the Uniform Declaratory Judgments Act, Neb. Rev. Stat. §§ 25-21,149 to 25-21,164 (Reissue 1979). IBEW elected to stand on its amended petition and not plead further, and accordingly the District Court dismissed the action filed by IBEW. We affirm the judgment of the trial court in all respects.

IBEW was, at all times relevant to this action, the exclusive bargaining agent for the employees of OPPD. In 1978 an industrial dispute arose between the parties when they were unable to reach agreement on a new labor contract by the time the existing contract expired on May 31, 1978. The dispute was taken to the Commission of Industrial Relations (CIR) and was docketed there as case No. 270. Following a hearing before the CIR, the CIR entered an order dated No-

vember 28, 1978, purporting to resolve the dispute by making certain findings concerning wages, terms, and conditions of employment. Following the entry of the CIR's order on November 28, 1978, the parties worked together in an attempt to extrapolate wage rates from the wage determinations made by the CIR in its order. A supplemental order was entered by the CIR in case No. 270 on February 28, 1979. The purpose of that order was to resolve remaining disagreements over wage rates for one group of OPPD employees. Following this final order, neither party appealed case No. 270, and its order purportedly became final.

Notwithstanding the fact that a final order was entered by the CIR, the parties continued to dispute certain portions of the final order. On August 13, 1979, IBEW filed a document with the CIR, designated by IBEW as a "request for implementation and clarification of opinion and order." The CIR docketed the matter as a new action, assigning to it case No. 316. The principal purpose of the request filed by IBEW was to seek implementation of an apprenticeship program apparently required under the earlier CIR order in case No. 270, and for the further purpose of seeking an order from the CIR requiring OPPD to pay 8 percent interest on the CIR wage order entered in case No. 270 on November 28, 1978.

On November 7, 1979, the CIR entered an order in which it found that the rates of pay set forth in its earlier order of November 28, 1978, were first paid on paychecks dated May 4, 1979, covering the period April 21, 1979, to May 4, 1979. The payment for the period June 1, 1978, to April 21, 1979, was made May 18, 1979. No interest was added to the checks. In its order entered November 7, 1979, the CIR made some general reference to the matter of interest, writing in part: "Under the provisions of § 48-819, R.R.S. 1943, orders of this Commission have the same force and effect as like orders of the District Court. Section

45-103, R.R.S. 1943 provides that judgments of the District Court draw interest at 8% per annum. The statutory language is conclusive, and we conclude that our orders draw interest at the statutory rate.

"The Order of November 28, 1978 in Case No. 270, not having been appealed, is not subject to collateral attack. [Citations omitted.]

"We need not consider respondent's defenses, since they may be raised either by motion to quash or by separate action for injunction should petitioner decide to pursue the matter by transcript and execution under the first sentence of § 48-819, R.R.S. 1943.

"ORDERED, that the dispute herein is resolved as set forth above."

While the clear implication of the order entered by the CIR on November 7, 1979, in case No. 316, is that it found that interest should be paid by OPPD on the salaries due and owing, it does not so order the same to be done. Moreover, a reading of the order in case No. 316 makes it unclear as to whether the allegedly ordered interest is to run from November 28, 1978, when the CIR's order was first entered, or from the date of its supplemental order on February 28, 1979, or part from November 28, 1978, and part from February 28, 1979. The answer to that question obviously would depend upon the introduction of evidence as to what the facts of the matter were, even if the CIR had authority to order the payment of interest.

Following the entry of the order by the CIR in case No. 316 on November 7, 1979, IBEW filed an action in the District Court for Douglas County, Nebraska, on February 1, 1980, seeking declaratory relief. OPPD filed a demurrer which was thereafter sustained by the trial court.

IBEW then filed an amended petition in which it alleged the historical facts concerning the dispute in both case Nos. 270 and 316. It further alleged that: "On November 7, 1979, an Opinion and Order of the Commission of Industrial Relations was entered find-

ing in favor of the Petitioner [IBEW] that 8% interest was due and owing on the Order of November 28, 1978 in Case No. 270 and directing the Petitioner to seek enforcement in the District Court." A reading of the order of the CIR fails to disclose either a specific finding that interest was due on its order of November 28, 1978, or directing IBEW to seek enforcement. The only other allegation which begins to even approach an allegation of fact from which any controversy could be gleaned is paragraph 15 of IBEW's amended petition wherein it is alleged: "That on or about January 15, 1980, the Respondent refused to comply with the Order of the Commission of Industrial Relations entered in Case No. 316 on December 19, 1979 [sic]." As indicated earlier, a reading of the order entered by the CIR in case No. 316 fails to disclose what it is that the CIR did in fact order, other than to appear to make a declaration that interest is due on its orders from the date of their entry.

The trial court did not give any reason for its sustaining of the demurrer. We must therefore attempt to determine if there is no basis upon which the demurrer could have been sustained. Our examination of the transcript presented to us, which is the only matter presented to the court for review, discloses that indeed the amended petition failed to state facts sufficient to constitute a cause of action and thereby made it subject to a demurrer.

IBEW's argument appears to be that because the order of the CIR is declared by statute to be identical to an order of the District Court, interest is due from the date that the order of the CIR is entered. See Neb. Rev. Stat. § 48-819 (Cum. Supp. 1980).

Section 48-819, however, must be read in light of what this court has heretofore said concerning both the jurisdiction of the CIR and the effects of its orders. In *University Police Officers Union v. University of Nebraska*, 203 Neb. 4, 277 N.W.2d 529 (1979), we held that the CIR's powers are limited to those provided for in Neb.

Rev. Stat. § 48-818 (Cum. Supp. 1980). And recently, in *Transport Workers of America v. Transit Auth. of City of Omaha*, 205 Neb. 26, 30, 286 N.W.2d 102, 105 (1979), we held that the CIR, as an administrative body, "has no power or authority other than that specifically conferred by statute or by a construction necessary to accomplish the plain purpose of the act." We further held in *Transport Workers of America v. Transit Auth. of City of Omaha, supra*: "The authority of the Commission of Industrial Relations is carefully circumscribed. Its procedures are prescribed by statute. Its jurisdiction is clearly defined and is limited to what are clearly legislative concerns." *Id*. at 30-31, 286 N.W.2d at 105.

"That the authority of the CIR is limited to disputes between a public employer and a public employee absent an agreement is made even clearer when we examine the provisions of sections 48-818 and 48-819, R.R.S. 1943. Section 48-818 specifically limits the findings and orders of the CIR to establishing or altering 'the scale of wages, hours of labor, or conditions of employment, or any one or more of the same.' Specifically, section 48-818 provides: 'In making such findings and order or orders the Court of Industrial Relations shall establish rates of pay and conditions of employment which are comparable to the prevalent wage rates paid and conditions of employment maintained for the same or similar work of workers exhibiting like or similar skills under the same or similar working conditions.' . . .

"Likewise, under the provisions of section 48-819, R.R.S. 1943, the CIR has no authority to enforce its own orders, such orders only being enforceable in an appropriate proceeding in courts of this state." *Id*. at 32-33, 286 N.W.2d at 106.

The language of § 48-819 to the effect that orders of the CIR are binding on all parties and are deemed to be of the same force and effect as like orders entered by a District Court does not mean that orders entered by the

CIR are orders entered by the District Court. Rather, the language of the statute means that once an order is entered by the CIR, the rights of the parties are established and a suit need not be brought in the District Court to establish the rights of the parties. On the other hand, however, the language of § 48-819 makes it clear that a suit to enforce the rights and obligations of the parties must, indeed, be brought in the District Court, and an order of the CIR is not enforceable as a matter of right without the aid of the District Court as if the mere entry of the order by the CIR made it an order of the District Court for all legal purposes. Unless and until a District Court does in fact enter an order of enforcement, the order of the CIR constitutes a contract between the parties, enforceable as any other contract entered into by the parties.

While it may very well be true that an order of the CIR, once sued upon, may bear prejudgment interest, just as certain other contracts sued upon may bear prejudgment interest (see, *Fleming Realty & Ins., Inc. v. Evans,* 199 Neb. 440, 259 N.W.2d 604 (1977); *Frank McGill, Inc. v. Nucor Corp.,* 195 Neb. 448, 238 N.W.2d 894 (1976); *Mid States Engineering v. Rohde,* 182 Neb. 590, 156 N.W.2d 149 (1968)), such fact does not authorize the CIR to order the payment of interest as a part of its order. Such authority lies solely with an appropriate court and comes into effect only when entered by that appropriate court, in the same manner to which any other suit upon a contract would be subject to the payment of prejudgment interest if and when ordered by an appropriate court.

The recitation of fact by the CIR in its order of November 7, 1979, that orders of the CIR are to be treated in the same manner as judgments of a District Court could not and did not subject the "contract" created by the CIR for IBEW and OPPD on November 28, 1978, to the payment of interest at that time.

Moreover, an allegation by IBEW in its amended petition seeking declaratory relief to the effect that "on

or about January 15, 1980, the Respondent refused to comply with the Order of the Commission of Industrial Relations entered in Case No. 316 on December 19, 1979 [sic]," likewise failed to allege facts sufficient to constitute a cause of action, both by reason of the fact that the allegation was a mere conclusion and not an allegation of fact and by reason of the fact that the CIR's order purporting to require OPPD to pay interest at that time was beyond the authority of the CIR as presently prescribed by the applicable statutes. Having failed to allege facts upon which declaratory relief could be granted, the trial court was correct in sustaining the demurrer of OPPD.

The instant case once more points up the difficulty of attempting to operate under the current statutory provisions for resolving public employer-public employee disputes. Each case coming to this court makes those deficiencies even more apparent. Courts, however, are not designed to fill statutory gaps and should not seek to replace the legislative branch of government. The arguments made by counsel for IBEW before this court in this case are more properly for the Legislature, which should be determining how the deficiencies in the act could best be cured. The fact, however, that there are deficiencies which should be corrected is not sufficient to either state a cause of action or to entitle the parties to declaratory relief. The judgment of the trial court in sustaining the demurrer and dismissing the petition of IBEW is affirmed.

AFFIRMED.

CLINTON and BRODKEY, JJ., concur in result.

BOSLAUGH, J., dissenting.

I am unable to join the opinion of the court because I believe it to be in error in several important respects.

The operative facts in this case, which are set out in the plaintiff's amended petition, are quite simple. The plaintiff is the bargaining agent for employees of the defendant. A labor dispute existed between the defend-

ant and its employees. A proceeding before the Commission of Industrial Relations resulted in an order fixing the wages for the defendant's employees for the period in dispute. A later order of the commission modified the first order. Neither party appealed from either order of the commission.

A dispute arose between the parties concerning the validity of the two orders of the commission. The plaintiff commenced this action to determine whether the orders were valid. The District Court sustained a demurrer to the petition, dismissed the petition, and this court affirmed. Our opinion, however, proceeds *to declare* the rights of the parties in regard to the interest provision in the commission's order. Thus, although holding that the plaintiff has no right to declaratory relief, this court grants declaratory relief.

The order fixing wages was effective in 1978. The defendant did not comply with the order until 1979. The amount due each employee for wages at the new rate was a debt which was liquidated and on which each employee could have recovered prejudgment interest in an action for the balance due. Whether this was a matter that properly should have been before the commission, the fact remains that the commission had jurisdiction of the parties, the matter related to wages in dispute, and no appeal was taken from the order. In the interest of judicial efficiency and practical resolution of minor disputes of this nature, I believe the better rule would be to hold that the parties were bound by the order of the commission.

Many of the difficulties referred to in the opinion of the court would be eliminated if this court would follow its earlier decisions. In *School Dist. of Seward Education Assn. v. School Dist. of Seward*, 188 Neb. 772, 778-79, 199 N.W.2d 752, 756-57 (1972), we said: "Article XV, section 9, Constitution of Nebraska, obviously was intended to be an exception to Article II of the Constitution. The language of the amendment, 'Laws may be enacted providing for the investigation, submission

and determination of controversies,' coupled with the designation 'An Industrial Commission,' indicates a commission with administrative powers. The last sentence providing for appeals from its *final orders* and *judgments* means a commission with some judicial powers to determine controversies. The report of the joint committee that it was authorizing a commission with combined administrative, legislative, and judicial powers clearly indicates the type of commission or agency the Constitutional Convention was authorizing. In this respect, it is in the same category as Article IV, section 20, which created the Railway Commission. We have heretofore held that the Railway Commission has legislative, executive, and judicial powers as an exception to Article II. See, In re Lincoln Traction Co. (1919), 103 Neb. 229, 171 N.W. 192; Swanson v. Sorensen (1967), 181 Neb. 312, 148 N.W.2d 197. The same is true with the Court of Industrial Relations. In adopting the constitutional provision authorizing an Industrial Commission, it was made an independent part of the Constitution of Nebraska, and not as an amendment to Article II."

It is irrelevant to say that the Legislature could have established the commission independently of constitutional authorization. The fact is the commission was established pursuant to the enabling provision in the Constitution. Neb. Rev. Stat. §§ 48-802, 48-803 (Reissue 1978). Although the jurisdiction of the commission is necessarily limited to resolving matters related to labor disputes, I believe the better rule is that the commission exercises all three functions of government in resolving the disputes within that area which are brought before it.

McCown, J., joins in this dissent.