STATE CODE AGENCIES EDUCATION ASSOCIATION, AN
UNINCORPORATED ASSOCIATION, APPELLEE, V. DEPARTMENT OF
PUBLIC INSTITUTIONS, STATE OF NEBRASKA, APPELLANT.
NEBRASKA DEPARTMENT OF EDUCATION TEACHERS ASSOCIATION,
AN UNINCORPORATED ASSOCIATION, APPELLEE, V. DEPARTMENT OF
EDUCATION, STATE OF NEBRASKA, APPELLANT.
STATE CODE AGENCIES EDUCATION ASSOCIATION, AN
UNINCORPORATED ASSOCIATION, APPELLEE, V. DEPARTMENT OF
CORRECTIONAL SERVICES, STATE OF NEBRASKA, APPELLANT.
STATE CODE AGENCIES EDUCATION ASSOCIATION, AN
UNINCORPORATED ASSOCIATION, APPELLEE, V. DEPARTMENT OF
PUBLIC WELFARE, STATE OF NEBRASKA, APPELLANT.

364 N.W.2d 44

Filed March 22, 1985.   Nos. 84-429, 84-588, 84-589, 84-636.

Paul L. Douglas, Attorney General, and Sharon M. Lindgren, for appellants Department of Public Institutions et al.

Theodore L. Kessner of Crosby, Guenzel, Davis, Kessner & Kuester, for appellees State Code Agencies et al.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

Four separate appeals from the Commission of Industrial Relations (CIR) have been consolidated due to their community of question, whether the CIR has jurisdiction to establish wages for employees of state agencies. The CIR established salaries for agency employees and entered an order accordingly. There is no issue concerning the correctness of the CIR's determination; rather, the question relates only to the authority of the CIR to establish salaries for the employees of state agencies.

Each of the petitioners-appellees, as admitted by the respondents, is certified as the exclusive bargaining agent for the bargaining unit involved in these proceedings, namely, teachers employed in schools operated by a particular state agency. The units consist of teachers employed at the Nebraska Center for Children and Youth (Department of Public Welfare), at the Youth Development Centers in Geneva and Kearney and the Nebraska Center for Women in York (Department of Correctional Services), at the Lincoln Regional Center and Beatrice State Developmental Center (Department of Public Institutions), and at the Nebraska School for the Visually Handicapped and Nebraska School for the Deaf (State Department of Education).

All actions involved the 1983-84 contract year except proceedings involving the Department of Public Welfare, which relate to the contract year 1982-83. The appropriations bills for the contract years in question limited the amount payable in salaries or wages but did not designate the specific salary or wage attaching to any particular employment in the departments or agencies.

Unable to reach an agreement with the agency regarding base salary and salary schedule index factors, the petitioners requested the CIR to "resolve the industrial dispute including the establishment of wages and other terms, tenure and conditions of employment for the teaching employees . . . ." Each respondent answered and alleged that the respective agency "has no power or authority over the pay increases granted to the employees represented by the petitioner since the pay raises for such employees are established by legislation enacted by the Nebraska Unicameral." As a separate defense, each agency claimed that "the [CIR] lacks jurisdiction to order the respondent to provide its employees with benefits different than those authorized by statute or by a legislative enactment." In each case the CIR held that it had jurisdiction to resolve the dispute between the agency and employees and ordered salary adjustments and increases for the particular year involved in the proceeding.

The respondent agencies contend that the CIR does not have jurisdiction to resolve the dispute regarding salary or wages to

be paid employees of a state agency.

Respondents argue that the Legislature's appropriation bills for the fiscal years 1982-83 and 1983-84 have established the salary of agency employees so that any dispute about salary cannot be resolved within the framework of the statutes pertaining to the CIR. Resolution of such dispute, according to the state agencies, is a matter of negotiation with the Nebraska Legislature, not proceedings before the CIR.

In *Transport Workers of America v. Transit Auth. of City of Omaha*, 205 Neb. 26, 31-32, 286 N.W.2d 102, 106 (1979), we stated:

> The public policy of the CIR is expressed in section 48-802, R.R.S. 1943, of the Act and points out that the Act is intended to provide public employees who do not otherwise have the right to strike an opportunity to mediate and arbitrate matters of employment which have not yet been agreed to by the employer.
>
> *By providing for a forum in which a public employer and a public employee may discuss future wages, hours, and conditions of employment or terms of employment without interruption of necessary public service*, the Legislature has sought to protect "its citizens from any dangers, perils, calamities, or catastrophes which would result" from interruption or termination of public service. § 48-802, R.R.S. 1943.

(Emphasis supplied.) Neb. Rev. Stat. § 48-810 (Reissue 1984) provides:

> All industrial disputes involving governmental service, service of a public utility, or other disputes as the Legislature may provide shall be settled by invoking the jurisdiction of the Commission of Industrial Relations; *Provided*, such commission shall have no jurisdiction over any persons, organizations, or school districts subject to the provisions of the Nebraska Teachers' Professional Negotiations Act, sections 79-1287 to 79-1295, until all provisions of such act have been exhausted without resolution of the dispute involved.

Neb. Rev. Stat. § 48-801 (Reissue 1984) sets forth the definition of the term "industrial dispute."

(7) Industrial dispute shall include any controversy concerning terms, tenure or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, or refusal to discuss terms or conditions of employment.

This same statute sets forth the definitions of "employer," "employee," and "labor organization."

(4) *Employer shall mean the State of Nebraska or any political or governmental subdivision of the State of Nebraska*, except the Nebraska National Guard or state militia, any municipal corporation or any public power district or public power and irrigation district. It shall also include any public utility as defined in sections 48-801 to 48-823;

(5) Employee shall include any person employed by an employer as defined in sections 48-801 to 48-823;

(6) Labor organization shall mean any organization of any kind, or any agency or employee representation committee or plan, in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work.

(Emphasis supplied.)

Although the Legislature has appropriated funds generally for the departments and agencies of the state in the cases before us, the appropriations bill enacted by the Legislature does not specifically allocate sums as salaries or wages for particular jobs or positions of employment in those departments or agencies. Allocation of funds among employees as salaries or wages is a matter for discretion in administration of the department or agency.

The clear import of § 48-801(4) brings the State of Nebraska and its agencies within the purview of the act pertaining to controversies between employer and employee. The respondents admit petitioners' capacity as the bargaining agent for the teachers-employees of the agencies. See § 48-801(6). Obviously, there is an "industrial dispute" as defined by

§ 48-801(7). Jurisdiction of the CIR over industrial disputes involving a department or agency of the State of Nebraska was recognized in *American Fed. of S., C. & M. Emp. v. Dept. of Public Institutions*, 195 Neb. 253, 237 N.W.2d 841 (1976) (the Legislature's valid exercise of its continuing control of the Department of Public Institutions subjected such department to the jurisdiction of the CIR under Neb. Rev. Stat. §§ 48-801 et seq. (Reissue 1974)). Further, in reference to orders of the CIR, § 48-818 provides in part: "The findings and order or orders may establish or alter the *scale of wages*, hours of labor, or conditions of employment, or any one or more of the same." (Emphasis supplied.) There is no qualifying statutory language to exempt the scale of wages for employees of a state agency from application of §§ 48-801 et seq. A legislative intent to include salary disagreements of state employees as an "industrial dispute" permeates §§ 48-801 et seq. Consequently, the CIR has jurisdiction to resolve the disputes of such nature. What may be a proper recourse available to petitioners or a permissible response by the Legislature to the order of the CIR establishing wages for agency or department employees are matters not presently before the court.

Nevertheless, it is our conclusion that the Commission of Industrial Relations, pursuant to §§ 48-801 et seq., does have jurisdiction, that is, authorized power, to resolve industrial disputes between agencies or departments of the State of Nebraska and their employees. The orders of the Commission of Industrial Relations in these proceedings are affirmed.

AFFIRMED.

KRIVOSHA, C.J., concurs in the result.