NEBRASKA ASSOCIATION OF PUBLIC EMPLOYEES, GAME AND PARKS CHAPTER, APPELLANT, V. GAME AND PARKS COMMISSION, STATE OF NEBRASKA, APPELLEE.
NEBRASKA ASSOCIATION OF PUBLIC EMPLOYEES, ROADS CHAPTER, APPELLANT, V. DEPARTMENT OF ROADS, STATE OF NEBRASKA, APPELLEE.

374 N.W.2d 46

Filed September 27, 1985. Nos. 84-519, 84-520.

Robert Wm. Chapin, Jr., of Mowbray & Chapin, P.C., for appellant.

Paul L. Douglas, Attorney General, and Ruth Anne E. Galter, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal by the Nebraska Association of Public Employees (NAPE) from two orders of the Commission of Industrial Relations (CIR) dismissing NAPE's amended petitions for lack of subject matter jurisdiction.

NAPE is the certified, exclusive bargaining agent for the employees of the Game and Parks Commission and the Department of Roads. Appellant submitted proposals for the 1984-85 contracts. The appellee also submitted proposals and counterproposals in each case. The parties met several times but failed to reach an agreement, due to conflicting legal opinions regarding what terms could properly be negotiated. On April 5, 1984, the appellant filed a petition with the CIR in each case, requesting that it define the mandatory noneconomic terms and conditions of employment with respect to which the appellee is obligated to bargain under Nebraska's public employment bargaining laws and that the CIR enter a bargaining order for the 1984-85 contract year.

After a preliminary proceeding pursuant to Neb. Rev. Stat. § 48-816 (Reissue 1984), in which the CIR ordered NAPE to show cause why the proceeding should not be dismissed, the appellant submitted amended petitions asserting that the jurisdiction of the CIR was invoked by the rules of the CIR. The CIR dismissed the petitions for lack of subject matter jurisdiction, relying on Neb. Rev. Stat. § 48-837 (Reissue 1984), which, according to the CIR, "requires collective bargaining agreements with state agencies to be submitted for approval by the Legislature at the same legislative session as the budget for that period is adopted by the Legislature." We affirm for different reasons than those relied on by the CIR.

The appellant claims that the CIR erred in dismissing appellant's case for lack of subject matter jurisdiction in accordance with its interpretation of § 48-837. We do not reach that issue.

We have previously said that the CIR is not a court but is an administrative body performing a legislative function. *Transport Workers of America v. Transit Auth. of City of Omaha*, 205 Neb. 26, 286 N.W.2d 102 (1979). An administrative body has no power or authority other than that

specifically conferred by statute or by a construction necessary to accomplish the plain purpose of the act. *Transport Workers of America, supra.* See, also, *Slosburg v. City of Omaha,* 183 Neb. 839, 165 N.W.2d 90 (1969).

It is fundamental that in the legislative grant of power to an administrative agency such power must be limited to the express legislative purpose and administered in accordance with standards described in the legislative act. *University Police Officers Union v. University of Nebraska,* 203 Neb. 4, 277 N.W.2d 529 (1979). See, also, *Transport Workers of America, supra.*

The authority of the CIR is carefully prescribed by statute. Its jurisdiction is clearly defined and is limited to what are clearly legislative concerns. See *University Police Officers Union, supra.* Neb. Rev. Stat. § 48-810 (Reissue 1984) describes the jurisdiction of the CIR and states in part: "All industrial disputes involving governmental service, service of a public utility, or other disputes as the Legislature may provide shall be settled by invoking the jurisdiction of the Commission of Industrial Relations . . . ." Section 48-837 further states:

> Public employees shall have the right to form, join and participate in, or to refrain from forming, joining, or participating in, any employee organization of their own choosing. Public employees shall have the right to be represented by employee organizations to negotiate collectively with their public employers in the determination of their terms and conditions of employment, and the administration of grievances arising thereunder; *Provided,* that any such agreements with the State of Nebraska or any agency thereof shall cover an annual period coinciding with the annual budgeting period of the state and shall be subject to approval by the Legislature.

The statutory jurisdiction of the CIR is to settle pending controversies, § 48-810. We have said that the CIR has no authority to enter declaratory judgments or exercise other judicial functions. *State Coll. Ed. Assoc. & Chadron State Coll. v. Bd. of Trustees,* 205 Neb. 107, 286 N.W.2d 433 (1979). A request for an advisory determination that does not result in

the settlement of an industrial dispute is beyond the jurisdiction of the CIR.

In the instant cases the CIR did not have subject matter jurisdiction to hear the cases and properly dismissed them.

AFFIRMED.

CAPORALE, J., not participating.

BOSLAUGH, J., concurs in the result.

KRIVOSHA, C.J., concurring in the result.

I concur in the result reached by the majority in this case. I write separately, however, because I believe that the court's failure to refer to our earlier decision of *State Code Agencies Ed. Assn. v. Department of Pub. Insts.*, 219 Neb. 555, 364 N.W.2d 44 (1985), and either to point out how these two cases can be distinguished or to acknowledge that we were in error in our earlier decision and should now overrule that case only adds further confusion to this entire area.

In our earlier decision we concluded by noting at 559, 364 N.W.2d at 46-47: "What may be a proper recourse available to petitioners or a permissible response by the Legislature to the order of the CIR establishing wages for agency or department employees are matters not presently before the court." Though we did not consider how the order of the CIR could be enforced in view of the fact that the Legislature had already appropriated the funds for the departments and agencies of the state in the cases before the CIR, we nevertheless concluded that the CIR had jurisdiction to set the wage rate, theoretical or advisory as that act might be.

In the present case we have concluded that the CIR did not have jurisdiction because the matter presented to the CIR in each case would not result in a settlement of an industrial dispute and therefore was advisory in nature. While there may be some distinction between the two, at this moment I have difficulty seeing what that may be. I am inclined, however, to believe that the current decision is correct and that our decision in the earlier case of *State Code Agencies Ed. Assn. v. Department of Pub. Insts., supra,* was in error. In my view we should now resolve that confusion by either acknowledging the conflict or explaining the difference. No one is served by simply ignoring the issue.