REQUESTED BY: Senator George Coordsen
QUESTION:
(1) Do self-propelled mobile homes fall within statutory exceptions to the two-plate requirement in Neb. Rev. Stat. § 60-311(1) (1993)?
ANSWER:
No. The statutes clearly distinguish between self-propelled mobile homes and towed trailers.
Self-propelled mobile homes do not fall within the statutory exception to Neb. Rev. Stat. § 60-311 (1) (1993). Under this statute, "The Department of Motor Vehicles shall furnish to every person whose motor vehicle is registered two fully reflectorized number plates, except that only one plate shall be issued to dealers or for motorcycles, truck-tractors, semitrailers, and buses. . . ." Self-propelled mobile homes are not included in the list of vehicles excepted from receiving two license plates. Further, the relevant definitional statutes clearly distinguish between self-propelled mobile homes and towed semitrailers: "(20) Self-propelled mobile home shall mean a vehicle with motive power designed for living quarters . . . (21) Semitrailer shall mean any vehicle without motive power designed for carrying persons or property and for being drawn by a motor vehicle and so constructed that some part of its weight and that of its load rests upon or is carried by the towing vehicle." Neb. Rev. Stat. § 60-301 (1993).
Based on this statutory distinction, we conclude that self-propelled mobile homes are not included in the list of exceptions to Neb. Rev. Stat. 60-311 (1) (1993).
QUESTION:
(2) Does the Department of Motor Vehicles have the authority to treat, through department rule, regulation, or policy, self-propelled mobile homes in a manner similar to towed trailers and thus avoid the requirements of Neb. Rev. Stat. § 60-311(1)?
ANSWER:
No. The Department of Motor Vehicles has no authority outside of that conferred by statute or by a construction necessary to implement the plain meaning of the statute.
We have already concluded that self-propelled mobile homes are not of the same classification as towed semitrailers, and are not exempt from receiving two license plates. Self-propelled mobile homes are, however, motor vehicles, as motor vehicles are defined in Neb. Rev. Stat. § 60-301(14) (1993), which defines a motor vehicle as "any vehicle propelled by any power other than muscular", and which excludes mobile homes from the following list of exceptions. (See also Opinion Attorney General No. 168, dated November 8, 1979).
The statutes governing the registration of motor vehicles uniformly require the Department of Motor Vehicles to issue two plates to any motor vehicle not included in the list of exceptions in Neb. Rev. Stat. 60-311 (1) (1993), quoted above. Under Neb. Rev. Stat. 60-311 (.02) (1993), "[w]hen two registration plates are issued, one shall be prominently displayed at all times on the front and one on the rear of the registered vehicle. When only one plate is issued, it shall be prominently displayed on the rear of the registered vehicle. . . ." Section 60-323 restates this rule: "Except as otherwise specifically provided, no person shall operate, drive, or park or cause to be operated, driven, or parked a motor vehicle on the public highways unless such vehicle at all times has displayed one number plate on the back thereof and one number plate on the front thereof, which plates shall be furnished for it as hereinbefore provided." Neb. Rev. Stat. § 60-323
(1993).
As we stated in an earlier opinion, these statutes grant the Department of Motor Vehicles the "authority and responsibility for administering and enforcing the registration and licensing system in this state." Opinion Attorney General No. 256 (dated March 14, 1980). This authority, however, is not absolute. "An administrative body has no power or authority other than that specifically conferred by statute or by a construction necessary to accomplish the plain purpose of the act. . ." Opinion Attorney General No. 87104 (dated October 22, 1987) (quoting NebraskaAssociation of Public Employees v. Game and Parks Commission,220 Neb. 883, 884-885, 374 N.W.2d 46, 48 (1985)).
Further, an agency practice that contravenes a state statute will not prevail over the statute, regardless of the length of time the practice has been in use:
 "In general, administrative interpretations, although not given the force of statutory authority or law, are entitled to consideration and weight, particularly where the interpretation has been long-continued. However, mere usage alone cannot be invoked to invest administrative agencies with authority or powers not clearly within their legislative grant . . . it must be remembered that the plain provisions of a statute cannot be altered by administrative action. . ."
Opinion Attorney General No. 85 (dated April 17, 1981) (citing Nishnabotna valley Rural Elec. Coop. v. Iowa P. and L.Co., 161 N.W.2d 348 (1968), (italics added).
The Department of Motor Vehicles issues a single license plate to both self-propelled mobile homes and towed trailers, as stated in a departmental memo describing the classifications of Nebraska license plates. However, Neb. Rev. Stat. § 60-311
(1) (1993) does not include self-propelled mobile homes in its delineation of vehicles not required to display two license plates. Had the legislature wished to include self-propelled mobile homes in this list of exceptions, the legislature could have done so when drafting the law. The plain meaning of this statute, and of those stated above, is that self-propelled mobile homes are motor vehicles which must display two license plates, as must all other motor vehicles which are not motorcycles, truck-tractors, semitrailers, or buses. Under the legal authority stated above, the Department of Motor Vehicles may not alter the provisions of the statute, either by administrative interpretation or by virtue of its practice of issuing one license plate to self-propelled mobile homes rather than two.
QUESTION:
(3) If the department policy is in violation of state statute, must county officials comply with department policy and refuse to issue the second plate at the time of registration?
ANSWER:
No. License plates are generally distributed by the county treasurer, an elected official who would not be charged with following the instructions of the Department of Motor Vehicles to issue only one plate at the time of registration.
The laws of Nebraska infer but do not expressly state that the county treasurer is the county official usually charged with the distribution of new license plates. It is the duty of each county to carry out the registration of motor vehicles. Neb. Rev. Stat. § 60-311.01 (1993). The county treasurer, or designated county official, acts as an agent for the Department of Motor Vehicles in the collection of motor vehicle registration fees. Neb. Rev. Stat. § 60-326.01 (1993). All registration fees are to be paid to the county treasurer or designated county official. Neb. Rev. Stat. § 60-318 (1993). Further, the county treasurer or designated county official furnishes certificates of registration, Neb. Rev. Stat. § 60-312 (1993), and collects fees when new license plates are issued, Neb. Rev. Stat. §60-311. As the county treasurer is charged with these aspects of registration, it follows that the county treasurer also distributes license plates at the time of registration.
Although § 60-326.01 states that the county treasurer, or designated county official, acts as the agent of the Department of Motor Vehicles in the collection of fees, the county treasurer is an elected county official, Neb. Rev. Stat. § 23-1601.01, and not an employee of the Department of Motor Vehicles. As an elected official, the county treasurer is not required to follow the directions of the D.M.V. to issue only one plate; by law, the county treasurer is required only to "receive all money belonging to the county, from whatsoever source derived, and all other money which is by law directed to be paid to him or her." Neb. Rev. Stat. § 23-160 (1) (1993). Therefore, the county treasurer need not comply with the directive of the Department of Motor Vehicles and issue only one plate to owners of self-propelled mobile homes.
If, however, the Department of Motor Vehicles has only ordered one license plate for a particular vehicle, the county treasurer or designated county official will have only one plate to issue.
QUESTION:
(4) If the department policy is in violation of state statute, in view of department policy prohibiting the issuance of two reflectorized license plates, what recourse would a state citizen have when cited under § 60-323?
ANSWER:
Neb. Rev. Stat. § 60-311.02 requires the recipients of two license plates to display one on the front and one on the rear of the registered vehicle. Recipients of a single plate are to display it on the rear of the registered vehicle. Violations of this section are addressed by Neb. Rev. Stat. § 60-348
(1993). It is our understanding that a violation of § 60-311.02 results in a Class III misdemeanor. Therefore the situation might arise where a citizen could be cited for violating § 60-311.02 and be charged with a Class III misdemeanor.
However, it should be pointed out that the defense of impossibility may be available to the motorist charged under Nebraska's criminal statutes. As previously stated, if the Department of Motor Vehicles has only ordered one license plate for a particular vehicle, then the citizen can only display one plate.
Sincerely yours,
 DON STENBERG Attorney General
 Paul N. Potadle Assistant Attorney General
APPROVED BY:
Don Stenberg 
Attorney General