REQUESTED BY: Donna Wanitschke, Chair Nebraska State Highway Commission
The question, on behalf of the Nebraska State Highway Commission, is whether any state statutes prohibit allocations of specific funds to the Commission for the purpose of lobbying the United States Congress relative to transportation matters. The general rule is that administrative bodies such as the Highway Commission have only that authority specifically conferred upon them by statute or by construction necessary to achieve the purpose of the relevant act. In re Application A-16642, 236 Neb. 671,705, 463 N.W.2d 591-613 (1990); In re Federal Land Bank v.Midwest Elec. Membership Corp., 223 Neb. 897, 395 N.W.2d 488
(1986); Nebraska Ass'n of Pub. Employees v. Game and ParksComm'n, 220 Neb. 883, 374 N.W.2d 46 (1985).
The Highway Commission is established by Neb. Rev. Stat. § 39-1101 (1993) and its duties are enumerated in §39-1110 (1993). Among the duties enumerated in § 39-1110 are the following:
 (b) To advise the public regarding the policies, conditions, and activities of the Department of Roads;
 (c) To hold hearings, make investigations, studies and inspections and do all other things necessary to carry out the duties imposed upon it by law;
 (d) To advance information and advice conducive to providing adequate and safe highways in the State; . . . .
In letter opinion I94-009 issued to Marilyn Hasselbalch, Director of the Nebraska Real Estate Appraiser Board, on February 16, 1994, we also treated the question of authority of a Board or Commission to hire a lobbyist. We there noted that that Board, like the Highway Commission, had no specific statutory authority to hire a lobbyist. Its authority, inter alia, was to ". . . do all other things necessary to carry out the act." We stated that this is a "gray area" which must be analyzed on a case-by-case basis. Our conclusion in that instance was that absent specific authority, the authorization to hire staff and do all things necessary to carry out the act probably allowed the Board the discretion to determine that the hiring of a lobbyist would accomplish such purposes.
In official Opinion No. 159, dated December 16, 1981, we advised Hyle H. Erwin, Executive Secretary of the Board of Educational Lands and Funds, as to employment of a lobbyist when the statute required that the Board observe the same standards in dealing with trust assets that would be observed by any prudent man dealing with the property of another and a statute authorized to perform every act which a person would perform for the purposes of the trust, including but limited to the powers specifically enumerated. Our conclusion was that absent specific authorization to hire a lobbyist, the "prudent man" language of the statutes would properly apply to allow such employment when in the best interest of the trust.
Finally, in official Opinion No. 288, dated May 12, 1980, we advised E. Mickey Stewart, Director of the Nebraska Department of Agriculture, as to the constitutionality of usage of tax money to influence legislation. We noted that there is no constitutional prohibition but that tax revenues are public funds which must be directed toward a public purpose. We observed:
 . . . [I]f a member of the Wheat Division, who is paid with public funds testified before the legislature in support of a bill which would promote the wheat industry in our state, a public purpose would appear to be present. On the other hand, the expenditure of excise taxes funds under the Nebraska Wheat Resources Act to hire a lobbyist may present a closer case, depending, for instance, on how the lobbyist's duties are defined.
In this instance, we concluded that this is a "gray area" and that while legislation does not preclude the use of funds to influence legislation, this should not automatically be concluded to be an authorization to expend public funds for such purposes.
Assuming the Congress is part of "the public," subsection (b) of section 39-1110 authorizes the Highway Commission to advise on its policies, conditions and activities. Subsection (c), in part, authorizes the Commission to "do all other things necessary to carry out the duties imposed upon it by law." Subsection (d) authorizes advancing information and advice conducive to providing adequate and safe highways, which, in the case of the State Highway Commission, clearly would cover and include lobbying activities.
Subsection (f) (2) of § 39-1110 states:
 All funds rendered available by law to the Department of Roads, including funds already collected for such purposes, may be used by the State Highway Commission in administering and effecting such purposes, to be paid upon approval by the Director-State Engineer.
The foregoing would appear to authorize the allocation or appropriation of funds to such purposes. You also inquire whether any State statutes prohibit allocation of funds to the Highway Commission for lobbying. Nebraska statutes on lobbying practices, Neb. Rev. Stat. §§ 39-1480 to 1492, inclusive, do not prohibit any persons or classes of persons from being registered as lobbyists, but rather state the rules which lobbyists must follow.
The aforesaid subsections of Neb. Rev. Stat. § 39-1110
(1993) appear to be somewhat broader than the instances cited above in our previous opinions. Therefore, while always recognizing that this is a "gray area," we believe that your duties and powers are adequate to authorize the hiring of a lobbyist provided that you have an appropriation to do so.
Sincerely,
 DON STENBERG Attorney General
 Warren D. Lichty Assistant Attorney General
APPROVED BY:
Don Stenberg
Attorney General